18　273
185　187

## St. John's Church *versus* Steinmetz.

The seal of a corporation to a mortgage of real estate is *primâ facie* evidence that the mortgage is its act, and this is not rebutted by proof that the corporation had but a qualified interest in the land mortgaged, and' that their title was inalienable. Whether their title was qualified or absolute, the instrument was sufficiently proved. Such title as the corporation had, will pass by the sale under the mortgage; the mortgage was not disputable by the corporation.

ERROR to the District Court, *Philadelphia.*

This was a proceeding by Jacob Steinmetz against the Rector, Wardens, and Vestrymen of St. John's Church, in the township of the Northern Liberties, in the county of Philadelphia.

It was an action of *scire facias* upon a mortgage, in which the defendant in error was plaintiff below. The premises mentioned in the mortgage were granted by William Coats and others, upon the 16th June, 1764, to Jacob Duché and others, and to the survivors and survivor of them, and the heirs and assigns of such survivor for ever, *in trust*, for the single purpose that a church should be erected on said lot, for the sole use, benefit, and behoof of the then and future inhabitants of the Northern Liberties, who were or should be members of the Episcopal Church of England, according to such institutions as should be agreed upon between said trustees and the several contributors to the founding and erecting the said church, *provided* such institutions should be agreeable to the laws then in force in England relating to the Episcopal Church of England as by law established. The title to the lot was vested regularly through mesne conveyances, *expressly subject to and under the before-mentioned conditions*, in the plaintiffs in error, who were incorporated on the 8th February, 1816, in order that the lot thus granted might be more fully appropriated to the purposes intended by the donors. The church edifice, then in process of erection, was shortly after finished.

The defendants pleaded to the *scire facias*, among other pleas, *non est factum*, and also pleaded *specially*, setting forth the title, and averring that their only right, title, and interest at the time of the alleged execution of the mortgage, was by virtue of the said deeds.

On the trial, the plaintiff offered in evidence the mortgage, with the seal of the defendants affixed, which seal was not disputed; but the defendants objected to the admission of the mortgage in evidence, because no authority had been shown to affix the corporate seal; but the judge admitted it, and exception was taken, and the plaintiffs closed.

The defendants then, under their pleas, gave the deeds, &c., before referred to, in evidence, and it was contended on their part that they established a defence to the action. A verdict was ren-

dered for principal and interest under the mortgage, reserving the point whether under the deeds given in evidence a defence was established; and the District Court in banc finally directed judgment to be entered upon the verdict.

Error was assigned to the admission of the mortgage in evidence, without proof of authority to affix the corporate seal thereto; to the direction to the jury to find a verdict for the plaintiff; and to entering judgment for the plaintiff on the points reserved.

*G. W. Biddle* and *G. M. Wharton*, for plaintiffs in error.—The plea of *non est factum* was a denial of the execution of the instrument, and it was not sufficient to prove merely the seal, without showing a right to affix it: 5 *Barn. & Ald.* 866; 27 *Eng. Com. Law* 219; *Angell & Ames on Corp.* 239; 2 *Kent* 290–299; 12 *Wheaton* 68–9; 13 *Pet.* 587; 15 *Johns.* 383; 4 *Hill* 443; 14 *M. & W.* 831, Steele *v.* Harmer. Whether proof of the seal did or did not establish a *primâ facie* case, if there was no right to affix the seal, the instrument will not be treated as the corporate act: 27 *Eng. Com. Law* 223.

But this proceeding was *in rem*, and unless the claim can be established against the *res* itself, the plaintiff can not recover. There was reason, therefore, in allowing the defendants, who represent, from necessity, the real owners, the worshippers in the church, to show that no authority existed for encumbering the property, and that therefore it ought not to be taken in execution: 1 *Watts* 491, Mather *v.* Clark; *Gill & Johhson* 248; 2 *Denio* 110; 3 *Barn. & Ald.* 1. Every person dealing with a corporation is bound to know what its powers are: 8 *Pet.* 287; 3 *McLean* 102; 2 *Kent* 620–1; 3 *Hill* 262; 3 *Id.* 279.

*Price*, for defendant.—The seal was admitted to be the seal of the corporation. The seal itself was *primâ facie* evidence that it was fixed by proper authority, and it lies on the objecting party to prove the contrary: *Angell & Ames* 115; 6 *Ser. & R.* 12–16. No attempt to show that was made on the part of the corporation. The objection in this case was confined to *the want of power* to mortgage.

The legal title in fee to the premises was vested in the corporation when the mortgage was executed. Such title as the corporation had was pledged. Whether the purchaser shall acquire an available title or not, the mortgagors are estopped from controverting the right of the mortgagee to proceed on the mortgage, as a tenant is from controverting the title of his lessor. The mortgagor having the *legal* title, and proceeding in a Court of law, must prevail: 1 *Watts* 533; 4 *Id.* 118; 3 *W. & Ser.* 45; 4 *Wash. C. C. Rep.* 42–3.

If there be parties having rights not now represented by the

[St. John's Church v. Steinmetz.]

corporation, they can, perhaps, be heard in the trial of an eject-
ment to recover the possession: 1 *Watts* 491, Mather v. Clark;
5 *Barr* 425, Bury v. Leiber.   Or more probably, by bill in equity
to compel the purchaser, when in possession, to observe the trusts;
which he may be willing to do upon a plan to oblige the congrega-
tion to pay the interest of money used to build their church.

The opinion of the Court was delivered, April 12, by

Lowrie, J.—It is admitted that the seal of the corporation is
*primâ facie* evidence that the deed is theirs; but it is argued that
this evidence is rebutted by the fact that the corporation had only
a qualified interest in the land mortgaged; that, having shown that
their title is inalienable, it follows that they have no power to sell
or mortgage, and hence that the mortgage is not their deed.   Per-
haps the argument that, because they cannot pay this debt, there-
fore they could not, and hence that they did not contract it, would
be equally legitimate.   Yet they may run in debt, and then they
must provide for payment; and to secure this, they may pledge
such property as they have.   If they have any title at all, they
may pledge that; and, like other people, they may do more than
that, if anybody will accept a pledge of moonshine.   Moreover,
they are not allowed to dispute the title which they have pledged,
and the defence is an ingenious attempt to do this.   True, this is
a proceeding *in rem*, demanding a sale; but the *res* is the title of
the corporation, and whatever that is, qualified or absolute, it will
pass by the sale.

The rule that avoids all acts of a corporation which are unau-
thorized by the purposes of its creation, is only a special form of
the logical rule, *derivativa potestas non potest esse major primitiva*,
and here it is entirely misapplied.   The fallacy consists in inferring
the corporation's authority from its land, instead of from its cha-
racter; and in making an accidental defect in its title to land
evidence of an essential defect in its own nature.   In this instance,
the corporation occupies a position very like to that of a tenant
in tail who aliens in fee simple, an act which is by no means void.

Judgment affirmed.