## Nathan Y. Faucett v. John K. Harris, defendant, and William S. Harris and Maggie S. Harris, terre-tenants, Appellants.

*Mortgage—Scire facias—Affidavit of defense.*

An affidavit of defense to a scire facias sur mortgage filed by the terre-tenants of the mortgaged premises is insufficient to prevent judgment where the only matter of defense averred is that the mortgagor did not have title to more than one seventh of the land described in the mortgage. Such interest as he had though none acquired by the terre-tenants elsewhere, will pass by the sheriff's sale.

Argued March 1, 1898. Appeal, No. 45, Jan. Term, 1895, by defendant and terre-tenants, from order of C. P. Chester Co., making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Scire facias sur mortgage. Before HEMPHILL, P. J.

On December 28, 1897, William S. Harris, one of the terre-tenants, for himself and the other terre-tenants, filed an affidavit of defense in which he admitted that the defendant, John K. Harris, had executed the mortgage in suit, and in a supplemental affidavit of defense he averred as follows:

The said William Harris mentioned in the affidavit of defense filed December 28, 1897, as aforesaid, died intestate, being seized of the land mentioned in said scire facias, and leaving to survive him seven children, who, after the death of their mother in 1886, became the absolute owners of said land under the intestate laws of this commonwealth. The petition of the admin-

istrator d. b. n. of the said William Harris, deceased, and all proceedings on said petition which was filed and acted upon by the orphans' court of Chester county, in February and March, 1897, show on their face that the said orphans' court had no jurisdiction to make an order or decree that a private sale of said land by the administrator of said decedent to John K. Harris should be confirmed. The said John K. Harris, therefore, got no title to the land of said decedent and has never had title to said land except to the undivided one seventh part of said land which he inherited as one of the children of said decedent. The said Mary A. Fornwalt mentioned in said affidavit, filed December 28, 1897, was one of the children of said decedent and the owner of one seventh of said land, but her husband, Howard Fornwalt, whose name appears in said petition was never notified of said petition or the proceedings thereon as the law directs should be done. The said orphans' court, therefore, for the foregoing reason, as well as for the reasons set out in said affidavit filed December 28, 1897, had no jurisdiction to make the said order or decree and, as a consequence, the said John K. Harris having never been the owner of more than the undivided one seventh part of said land, had no right or power to execute a mortgage to the plaintiff or any one else for more than his own undivided one seventh part of said land. The plaintiff, therefore, has no right to a judgment in the proceedings in this case that will be a lien against more than the undivided one seventh part of said land which was owned by the mortgagor at the time he executed said mortgage. Two of the children of said decedent have never conveyed their interests in said land to anyone. The interests of the other children of said decedent are now owned by Maggie S. Harris, one of the terre-tenants, all of which is unincumbered by said mortgage, except the undivided one seventh part once owned by the said John K. Harris, all of which the said terre-tenants expect to be able to prove on the trial of said cause.

The court entered the following decree:

And now, January 11, 1898, the rule for judgment notwithstanding the affidavit of defense and the supplemental affidavit of defense filed having come on to be heard, the rule is made absolute and the prothonotary is directed to enter judgment for the amount due upon the mortgage in suit.

*Errors assigned* were (1) in directing judgment to be entered notwithstanding the affidavits of defense filed by the parties notified as terre-tenants; (2) in not discharging the alleged terre-tenants as to the land they claim is not incumbered by the mortgage executed by the defendant.

*W. S. Harris*, for appellants.—The orphans' court had no jurisdiction to order a sale or confirm a sale of decedent's real estate for the payment of debts not of record, fourteen years after the death of the decedent, and the want of jurisdiction in such a case may be raised even in a collateral proceeding: Smith v. Wildman, 178 Pa. 245; Taylor v. Hoyt, 15 Atl. Rep. 893.

In order to the validity of a judgment, the court must have jurisdiction of the persons, of the subject-matter, and of the particular question which it assumes to decide: Black on Constitutional Law, 425; Miller's Est., 159 Pa. 562; Wright v. Millikin, 152 Pa. 507; Small's App., 15 Atl. Rep. 772.

According to the import of the records, the parties named as such may be, prima facie, terre-tenants as to the whole land, but they are certainly at liberty to show that they are not terre-tenants, except as to only an undivided one seventh part of this farm. At any rate, they had a right to show that the land they purchased under such circumstances was not incumbered by said mortgage except, of course, that which was once owned by the mortgagor: Hulett v. Mut. Life Ins. Co., 114 Pa. 142; Colwell v. Easley, 83 Pa. 34.

*J. Frank E. Hause*, for appellee.—The answer here set up is want of title in the mortgagor. This is not sufficient: Krugel v. Krupp, 12 Phila. 174; St. John's Church v. Steinmetz, 18 Pa. 273.

PER CURIAM, March 21, 1898:

The court below was so clearly right in entering the judgment from which this appeal was taken that it is unnecessary to consume time in considering the questions intended to be raised by the specifications of error. There is nothing in either of them that requires discussion.

It is conceded in the first affidavit that the defendant, J. K.

Harris, executed and delivered to the plaintiff the mortgage on which the scire facias was issued, but it is averred, by way of defense, that "he did not have title to more than one seventh of the land described in the mortgage." It cannot be doubted that whatever interest he had when the mortgage was executed —whether it remained in him or passed to the terre-tenants by conveyance—the same is bound by the mortgage, and to that extent at least the title will pass to the purchaser at sheriff's sale: St. John's Church v. Steinmetz, 18 Pa. 273. If the terre-tenants acquired title from other and independent sources, it cannot be affected by such sale.

Judgment affirmed.