In re PALMER WINDOW GLASS CO.

(District Court, M. D. Pennsylvania.   January 12, 1911.)

No. 1,224, In Bankruptcy.

1. CORPORATIONS (§ 638*)—FOREIGN CORPORATIONS—RIGHTS IN OTHER STATES.
   Where a New Jersey corporation was duly registered and entitled to do business in Pennsylvania, it was entitled to exercise all its corporate powers in Pennsylvania, subject only to the restraint put upon it by law.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2529; Dec. Dig. § 638.*]

2. ALIENS (§ 6*)—ACQUISITION OF REAL ESTATE—CONVEYANCE.
   An alien may acquire real estate by purchase and may convey the same to a purchaser, even though the estate which he conveys is defeasible in proceedings instituted by the state to escheat it.
   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 5–10; Dec. Dig. § 6.*]

3. CORPORATIONS (§ 655*)—FOREIGN CORPORATIONS—PURCHASE AND SALE OF REAL ESTATE—MORTGAGE—VALIDITY.
   Where a foreign corporation authorized to do business in Pennsylvania had charter power to acquire and mortgage real estate, its acquisition of real estate in Pennsylvania and mortgage thereof to secure its bonds was valid as against all persons, with the possible exception of the state in a proceeding to escheat the same, on the theory that a foreign corporation is prohibited by Act Pa. April 26, 1855 (P. L. 329) § 5, from holding or conveying real estate.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2576, 2577; Dec. Dig. § 655.*]

In Bankruptcy.   In the matter of bankruptcy proceedings of the Palmer Window Glass Company.   On certificate of referee to review an order relating to the distribution of the proceeds of real estate constituting part of the bankrupt's estate.   Petition to review dismissed.   Decree allowing the proceeds to bondholders confirmed.

George L. Roberts and A. F. Jones, for general creditors.
W. K. Sweatland and F. D. Gallup, opposed.

ARCHBALD, District Judge.   The real estate of the bankrupt has been sold by the trustee, and the question is who is entitled to the fund realized.   It would go naturally to the first mortgage bondholders, but their right is disputed by general creditors, on the ground that the bankrupt, being a foreign corporation, had no power to hold or convey real estate.   The bankrupt is a New Jersey corporation, but was duly registered and entitled to do business in Pennsylvania.   And, being incorporated for the purpose of making glass, was authorized by Act April 19, 1901 (P. L. p. 86), to hold real estate to an amount necessary and proper for its corporate uses.   This act, however, was an amendment to Act June 16, 1893 (P. L. p. 460), which is said to be unconstitutional, because it attempted to amend existing statutes without reciting them.   And the act of 1901, as thus resting on an invalid law, is claimed to be of no validity.   It is also claimed that it merely gives authority to hold real estate and not to mortgage it.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

But it is not necessary to follow out this argument; there being other considerations which are controlling.

The contention is that, the corporation having no authority, the mortgage is absolutely invalid. But that is based upon a misconception. Having complied with the registration laws, the bankrupt company was entitled to exercise its corporate powers in Pennsylvania, subject only to the restraints by law put upon it. And that it possessed the power, under its charter, to acquire and to mortgage real estate, there can be no question. It may be that its title was defeasible (Act 26 April, 1855, § 5 [P. L. 329]), unless there were enabling statutes to cure it. But the commonwealth is the only one that could take advantage of that. It is not open to general creditors. It has been settled from the earliest times that an alien may acquire real estate by purchase. Leazure v. Hillegas, 7 Serg. & R. (Pa.) 313. And may convey to a purchaser, even though the estate which he conveys is defeasible. Fairfax v. Hunter, 7 Cranch, 603, 3 L. Ed. 453; Sheaffe v. O'Neil, 1 Mass. 256. And the case of an alien and a corporation is not to be distinguished. Leazure v. Hillegas, 7 Serg. & R. (Pa.) 313. Even where the title of a corporation is inalienable, it can pledge it by mortgage; the power to pledge not being determined by the quality of its title. St. Johns Church v. Steinmetz, 18 Pa. 273. The title acquired in the present instance was good as to every one but the commonwealth. It may have been liable to escheat, but that is all that could be said of it. And, the corporation having the right to acquire and convey, it had the right to mortgage. It is settled by a long line of decisions that the want of capacity in a corporation, foreign or domestic, to hold and dispose of land, can only be asserted by the state, and not by individuals. Goundie v. Northampton Water Co., 7 Pa. 233; Pittsburg and Connellsville Railroad v. Allegheny County, 63 Pa. 126; Hagerman v. Empire Slate Co., 97 Pa. 534; Bone v. Delaware & Hudson Canal Co., 18 Wkly. Notes Cas. (Pa.) 125; Williams v. Hintermeister (C. C.) 26 Fed. 889. It was within the charter powers of the bankrupt in the present instance, as already stated, to acquire the real estate in question, and to mortgage it, as it did, for the benefit of bondholders. The title which it had, such as it was, has been disposed of by the trustee, and those to whom it was pledged, as security for the bonds which they took, are entitled by virtue of the lien which they had to the money which was realized. The mortgage, in other words, was good, whatever may be said of the title. The mistake is in confusing the one with the other.

The petition of review is dismissed, and the action of the referee is confirmed, sustaining the claims of bondholders.