Isaac Taylor *vs.* Columbian Insurance Company & trustee.

If a citizen of this commonwealth has brought a trustee process here against a corporation established in another state, as principal defendant, and a debtor of the corporation, living here, as trustee, receivers appointed by the courts of that state to wind up the corporation cannot maintain a right, as claimants, to the funds in the hands of the trustee, if the corporation had not been dissolved when the trustee process was commenced.

The above case was submitted upon a copy of the record of the court appointing the receivers, which did not show any decree dissolving the corporation, and upon an agreed statement of facts signed by the counsel of the corporation and of the receivers, by which it

was agreed that, if the claim of the receivers should be disallowed, judgment should be for the plaintiff, and the trustee should be charged. After judgment had been rendered for the plaintiff, and the trustee charged, in the superior court, and after that judgment had been affirmed upon full argument in this court, it was *held* to be too late for the receivers to apply for a rehearing, in order to prove that in fact a decree had been passed dissolving the corporation.

GRAY, J.   The plaintiff in this process of foreign attachment is a citizen of Massachusetts.   The principal defendant is a corporation established by law in the state of New York, which has been duly served with process in this commonwealth, and against which it is agreed that the plaintiff is entitled to judgment.   The claim of the corporation against the person summoned as its trustee is upon promissory notes made to the corporation in this state by a citizen of this state, which were overdue at the time of the service, and upon which therefore, if due to the principal defendant, the trustee may be charged.   Gen. Sts. *c.* 142, § 31.   The adverse claimants have been appointed receivers of the property and debts of the corporation by order of the proper court in New York, upon application of a creditor of the corporation, under the Revised Statutes of New York (5th ed.) pt. 3, *c.* 8, tit. 4, §§ 47, 48, 49, 51, 77.   There is nothing in those orders of court, or in the statutes under which they were made, dissolving the corporation; and therefore the corporation continued in existence, so far as to be capable of being sued.   *Coburn* v. *Boston Papier Maché Manuf. Co.* 10 Gray, 243. The receivers brought an action in New York on the notes in question, in which service was made upon the alleged trustee before service of this trustee process.   But the bringing of that action cannot affect the rights of this plaintiff if the receivers had no title to the notes which would be valid as against his attachment in the courts of this state.   The real question therefore is whether the assignment of the property of the corporation to receivers under judicial proceedings in New York can prevail against this attachment.

This question is conclusively settled by authority.   The effect of foreign laws beyond their own jurisdiction depends wholly upon the comity of the state in which their application is invoked.   The general rule is everywhere admitted that the transfer

Taylor *v.* Columbian Insurance Company & trustee.

of personal property, wherever situated, is to be governed by the law of the domicii of the owner. But the exception is equally well established in this country that when, upon the insolvency of a debtor, the law of the state in which he resides assumes to take his property out of his control, and to assign it, by judicial proceedings, without his assent, to trustees for distribution among his creditors, such an assignment will not be allowed by the courts of another state to prevail against any remedy which the laws of the latter afford to its own citizens against property within its jurisdiction. 2 Kent Com. (6th ed.) 406–408. *Booth* v. *Clark*, 17 How. 336–338. *Blake* v. *Williams*, 6 Pick. 286. *May* v. *Breed*, 7 Cush. 41, 42. It can make no difference whether the persons to whom the involuntary assignment is made are called assignees, trustees or receivers, or whether the debtor is an individual or a corporation, provided either remains in existence and liable to be sued. An assignment under the laws of another state of the Union stands upon the same ground as one made under the laws of a foreign country; for the states are in this respect independent of one another, and subject to no common control so long as there is no national bankrupt law.

An assignment like that on which these claimants rely would, if made in another state, be allowed no effect in the courts of New York against proceedings under the laws of that state by its own citizens. The decisions in that state are collected in *Willitts* v. *Waite*, 25 N. Y. 577, which cannot be distinguished from this case, and in which an assignment to receivers under the statutes of Ohio of all the property of a corporation established in Ohio was held to give the receivers no title to funds due to the corporation from a bank in New York, as against subsequent attachments in New York by citizens of that state.

*Trustee charged.*

*E. Bangs,* for the claimants.

*G. F. Homer & F. Goodwin,* for the plaintiff.

The claimants, before the entry of final judgment in accordance with the above opinion, moved for a rehearing, in order

that they might be permitted to prove that on the 2d of February 1866 the Columbian Insurance Company, the principal defendant in this case, was dissolved by a decree of the supreme court of the State of New York, which was not made part of the agreed statement of facts upon which the opinion of this court was given.

In support of this motion, the claimants produced the affidavit of Edward Bangs, Esquire, their counsel here, that he was not furnished with a copy of that decree until after the argument before this court upon the agreed statement; and the affidavit of Dudley Field, Esquire, a member of the bar in New York, who testified that he had been the attorney and counsel in New York of the receivers of this corporation since January 1866, and was familiar with their affairs, and had exclusive charge of all their legal business; that that decree had not been appealed from or questioned in any manner and still remained in full force and effect, and in his opinion was an entire dissolution of the corporation; that many suits were pending in various places relating to their affairs, in which certified and exemplified copies of the various judgments and decrees in New York had been sent to their counsel; that he retained Mr. Bangs here, and supposed he was aware of the decree of dissolution and had all the papers necessary to present every point in this case, until he read the opinion of this court in which it was assumed that the corporation had not been dissolved.

The claimants also now produced an authenticated copy of the judgment roll of the supreme court of the State of New York for the county of New York in a suit brought by William H. Harbeck against this corporation, consisting of the complaint, supported by the plaintiff's affidavit, dated January 22d 1866, stating that he was a stockholder, and that the corporation had decreed and paid a dividend, not out of its surplus profits, but out of its capital stock, and praying for a dissolution of the corporation, the appointment of receivers, and an injunction; a summons of the same date; an answer of the corporation, verified by the affidavit of its secretary; an order of the court on the 1st of February 1866, on motion of Mr. Field, as counsel for the

plaintiff, no one appearing to oppose, that the plaintiff have judg-ment, in accordance with the prayer of the complaint, for the frivolousness of the answer, " that the receivers heretofore ap-pointed," (naming them,) " be appointed under such judgment ; " and a final decree on the 2d of February, on motion of Mr. Field, as counsel for the plaintiff, adjudging that the corporation " be and it is hereby dissolved," and that the same receivers as before be appointed " with the usual powers of such receivers."

The other material facts proved at the hearing on this motion, which was argued by *Bangs*, for the claimants, and by *B. R. Curtis & Homer*, (*Goodwin* with them,) for the plaintiff, are stated in the following opinion :

GRAY, J. This motion is now made by the claimants in order to enable them to prove that the corporation which is the princi-pal defendant in this case was dissolved on the 2d of February 1866, by a decree of the supreme court of New York, in a suit brought against it by William H. Harbeck. The only orders which were made part of the agreed statement on which the case was originally submitted and argued to us, and which for some unexplained reason are not included in the judgment roll, a copy of which is now produced, were orders passed by that court in the same cause on the 22d and 23d of January 1866, declaring that it appeared by the complaint and the annexed affidavit that the corporation had made dividends which did not arise from surplus profits and had paid to the stockholders a part of its capital stock, and appointing receivers, but not purporting to dissolve the corporation. The statutes of New York, which have been read to us, apparently do not authorize a decree of dissolution in such a case. The receivers have produced no statute or decision in New York, or any other evidence, except the opinion under oath of their own counsel there, to show that such a decree was within the jurisdiction of the court. But they contend that that decree, having been passed by a court of gen-eral jurisdiction in a suit in the nature of a proceeding *in rem*, is binding upon all the world.

We have not however found it necessary to consider the gen-eral question of the effect of the decree, or of the right of the

receivers to set it up in this state; because the proceedings already had in the present action afford conclusive reasons against allowing this decree to be now pleaded or availed of.

This action was brought against the corporation in the superior court of this county on a policy of insurance on the 27th of June 1866, and the writ was served on the general agent of the corporation in this commonwealth on the 25th of July 1866. A general appearance, affidavit of defence, and answer on the merits, in behalf of the corporation, as well as the answer of the person summoned as trustee, and the adverse claim in behalf of the receivers, were filed at October term 1866 of the superior court. At January term 1867 of that court the agreed statement of facts was filed, signed by the counsel of the plaintiff and of the receivers, in which it was agreed that if their claim should be disallowed judgment should be for the plaintiff, and the trustee should be charged upon her answer; by a separate agreement it was stipulated in behalf of the corporation, with the knowledge and consent of Mr. Field, the counsel of the receivers, (who, as he states in his affidavit, has had the exclusive charge of the legal affairs of the receivers since January 1866, and is familiar with them, and who himself obtained the decree of dissolution in New York now sought to be laid before us,) that judgment should be rendered in favor of the plaintiff against the corporation; and the superior court rendered judgment on the agreed statement for the plaintiff, charging the trustee, and dismissing the claim of the receivers. From that judgment the claimants appealed to this court, which after full argument has ordered it to be affirmed.

We are unanimously of opinion that after both the corporation and the receivers of its property have thus in the most explicit and solemn manner submitted to the jurisdiction of the courts of this state, and consented to a judgment against the corporation as still existing, and judgment has been rendered accordingly in the superior court, and, upon appeal and full argument, ordered by this court to be affirmed, it is too late for the receivers to set up for the first time that the corporation has ceased to exist before this action was brought. The application

of the receivers to our discretion, for relief from the estoppel of the proceedings here, in order to enable them to set up by way of estoppel a judgment in New York, is certainly entitled to no peculiar favor.

It was suggested by the learned counsel for the claimants that the rights of the trustee might be injuriously affected. But that question cannot be raised here by the receivers. The trustee has not appealed from the judgment of the superior court charging her upon her answer; and it will be open to her after final judgment in this action to contest her liability upon *scire facias.*                                                                *Motion overruled.*