FLETCHER et al. v. HARNEY PEAK TIN–MIN. CO.

(Circuit Court, S. D. New York. December 27, 1897.)

1. RECEIVER—COURTS OF PRIMARY AND LOCAL JURISDICTION.

In the settlement of the accounts of a receiver of a corporation, in the federal court of primary jurisdiction, the directions previously given by that court will control in matters of general administration; and the directions of the federal court of another circuit, by which he was also appointed receiver, will control in matters of local administration in the latter circuit, and the question as to what shall be done with personal property within the jurisdiction of the local court, and incumbered with a local lien, is preeminently a matter of local administration.

2. TAX—LIEN ON ASSETS—LOCAL LAW.

The question of whether local taxes upon the property of a corporation, in the hands of a receiver appointed by the federal court of the circuit where the property is, are regular, and constitute a lien on the property, is a question of the local law, and is to be determined by that court, and its determination thereof is to be followed by the court of primary jurisdiction in another circuit.

3. SAME.

In such a case, however, the court of primary jurisdiction, when enlightened by the argument of all parties to the litigation, including some not represented in the local court, may appropriately indicate its views as to the course best calculated to save the property from sacrifice, and at the same time preserve the rights and secure payment to the local creditor; but an order embodying such directions is subject to the approval of the local court.

David C. Willcox and Hugh L. Cole, for the motion.
Louis Marshall, opposed.

LACOMBE, Circuit Judge. It appears that an order has been made in the district where the property is situated directing the receiver to sell the personal property there, and pay the overdue state taxes on or before January 3, 1898. Although this court first ap-

pointed a receiver, and may be considered the court of primary jurisdiction, it is thought that the local court is, under the ruling of the four circuit justices in the Case of the Northern Pacific Railroad, the tribunal which may more properly care for the rights of local creditors. Whatever order may be made here, therefore, would be in no way controlling of the circuit court in South Dakota. It would, however, be an expeditious and convenient way in which to indicate the views of the court of primary jurisdiction, enlightened by the argument of all parties to the litigation (including some not represented in South Dakota), as to what course would be best calculated to save the property from sacrifice, and at the same time preserve the rights and secure payment to the local creditor. The point urged by the defendants, that the taxes are irregular and not a lien, is not open here. It involves a question of the local law, which has been decided by the federal court there, and that decision this court will follow. The taxes are to be treated here as a debt, secured by lien on the property, which must be first paid out of the proceeds of such property. This property is of different kinds. A part, no doubt, is susceptible of ready transmission to some trade center, where it can probably be disposed of as favorably at one time as another. Other valuable machinery is not salable on the spot, and presumably cannot be disposed of on any reasonable terms during the winter season. It is thought, however, from what is shown in the papers and report of the receiver, that if the time for sale can be extended, and opportunity given to discover possible purchasers, and to make terms with them, enough can be realized, not only to pay the taxes with accumulated interest, but also to leave a considerable balance available for the costs and expenses of the receivership and other claims against the property. The tax collector, however, should not be asked to wait till all the property is sold, but should be paid on account, if he will accept on account, the proceeds of any sales that may be effected, as soon as they are made. An order may therefore be entered authorizing and directing the receiver to sell forthwith all the personal property of the receivership in South Dakota, at public or private sale, and in such separate lots as he may deem most advantageous; all such sales, however, to be completed before the 1st of June, 1898. All such property, however, as may be presently salable, is to be disposed of as quickly as it can be conveniently got to a proper market; and, as soon and as often as $500 or over is realized from any sale or sales, the money thus realized shall be tendered to the proper officers as payment on account of the overdue taxes.

It will probably happen that, when this expression of opinion reaches the circuit court in South Dakota, that court may modify its former order, either to conform to this one, or in such other way as may commend itself to the discretion of that tribunal. The receiver will, of course, obey the order of that court touching the disposition of all property there, since in the settlement of his accounts it will be held here that, in case of any conflict, the directions of the primary court will control in matters of general administration, and the directions of the local court will control in matters of local administration, and the question as to what shall be done with personal property

within the jurisdiction of the local court, and incumbered with a local lien, is pre-eminently a matter of local administration. It seems unwise to require the master to report back to this court the terms of any proposed sale before closing the contract. He might thus, in many instances, lose the sole chance of a favorable market. For any abuse of his discretion himself and his bondsmen would respond, and his own judgment may safely be relied on, since he is no mere lay receiver, but a mining expert of large experience, who possesses the confidence of all parties. When it is considered that the alternative is the sale of all this property at public auction in the depth of winter, at a point possibly inaccessible on the day of sale through climatic conditions, the propriety of leaving it to him to sell, even on private terms, is surely manifest.

Motion having been made at the same time to pass the receiver's accounts, the same are ordered on file, and an order in the usual form, referring them to Arthur H. Masten, Esq., one of the masters of this court, for examination and report, may be made.