SANDS v. E. S. GREELEY & CO.

(Circuit Court of Appeals, Second Circuit. June 24, 1898.)

No. 120.

FOREIGN RECEIVERS—COMITY—RIGHTS OF LOCAL AND FOREIGN CREDITORS.
　　When a foreign receiver is obliged to invoke the aid of the court of another state in asserting his title to assets within its jurisdiction, such court will not, in the exercise of comity, recognize his title to the prejudice of the citizens of its own state, who have fairly acquired title to the assets,

either by purchase, attachment, or other legal process, or whose claims are entitled to priority as equitable liens. But the court will make no distinction between foreign and domestic creditors when their claims are of equal validity, and it rests in the court's discretion whether the assets within its jurisdiction shall be distributed under its own direction or shall be transmitted to the primary receiver.

Appeal from the Circuit Court of the United States for the Southern District of New York.

F. G. Dow, for receiver.

H. B. Twombly, for appellant.

E. C. Perkins, for appellee.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. E. S. Greeley & Co., a corporation organized under the laws of the state of Connecticut, became insolvent, and on the 6th day of October, 1896, receivers of all its property and assets were appointed by the decree of one of the courts of that state, with authority to collect and possess themselves of all the property of the corporation and all the usual powers of receivers of insolvent corporations. The corporation had a place of business in the city of New York, transacted its principal business there, and substantially all of its assets consisted of property there. Upon a bill filed in the circuit court of the United States for the Southern district of New York, alleging the insolvency of the corporation, the existence of assets within the jurisdiction of the court, and the appointment of receivers by the Connecticut court, and praying that receivers be appointed of such assets, ancillary to the Connecticut receivers, the circuit court of the United States for the Southern district of New York by its decree appointed as ancillary receivers the same persons who had been appointed by the Connecticut court, and enjoined all persons from interfering with the assets, for the collection of debts or otherwise. By an interlocutory order in the cause, the ancillary receivers were directed to advertise for claims of the resident creditors of the corporation, and, after collecting the assets, to dispose of them as the court should instruct; and the question of the disposal of any surplus remaining after payment of all resident creditors was reserved by the court. Various resident creditors proved claims against the corporation for debts contracted by it at the city of New York, among them the New York Insulated Wire Company. The New York Insulated Wire Company has appealed from an order made in the cause, transferring the fund in the hands of the ancillary receivers to the Connecticut receivers, and adjudging that such fund should not be appropriated to the resident creditors before turning over the surplus to the Connecticut receivers.

The appeal is based upon the contention that the Connecticut receivers have no title or power to collect the assets of the corporation outside of that state, and that in the state of New York the assets are primarily subject to the claims of its citizens, and will not be surrendered until they are satisfied. There are expressions in the text-books which sanction this contention. Thus, it is stated in Beach on Receivers (section 254) that "a foreign receiver will not be

permitted, as against the claims of creditors resident in another state, to remove from that state the assets of the debtor, it being the policy of every sovereignty to retain in its own hands the property of the debtor until the claims of its citizens have been satisfied."

Similar expressions may be found in some of the opinions of the courts, but an examination of the adjudications will show that the broad proposition has never been ruled, and what has been actually decided is that, when a foreign receiver is obliged to invoke the aid of the court of another state in asserting his title to assets within its jurisdiction, such court will not, in the exercise of comity, recognize his title to the prejudice of the citizens of its own state, who have fairly acquired title to the assets, either by purchase, attachment, or other legal process, or whose claims are entitled to priority as equitable liens. Patterson v. Lynde, 112 Ill. 207; Hoyt v. Thompson's Ex'r, 19 N. Y. 207; Willitts v. Waite, 25 N. Y. 577; In re Waite, 99 N. Y. 433, 12 N. E. 440; Kidder v. Tufts, 48 N. H. 121; Paine v. Lester, 44 Conn. 196; Fawcett v. Supreme Council, 29 Atl. 614; Eddy v. Winchester, 60 N. H. 63; Askew v. Bank, 83 Mo. 366; Pinckney v. Lanaham, 62 Md. 447; Insurance Co. v. Wright, 55 Vt. 526; Baldwin v. Hosmer (Mich.) 59 N. W. 432; Hunt v. Insurance Co., 55 Me. 290; Taylor v. Insurance Co., 96 Mass. 353; Bagby v. Railroad, 86 Pa. St. 291.

A receiver appointed in one state for an insolvent corporation has no title as such to property located in another state, and not actually in his possession. Whart. Confl. Laws, § 390. This is because he is appointed by a court which derives its jurisdiction from state laws which have ex proprio vigore no extraterritorial force, and the effect of which in other states depends wholly on the comity of the state in which their application is invoked. But by the comity extended by the several states of the Union to one another, not only from motives of respect but from considerations of mutual convenience, the right of a receiver to possess himself of assets located in a state other than that of his appointment is everywhere recognized and enforced, subject to the qualification mentioned. When property in another state has actually been reduced to his possession, he can stand upon his possessory title, and defend his rights against all others who cannot prove a better title. It is only when he is compelled to resort to the courts to obtain possession of assets that he must rely upon that principle of comity upon which alone his title rests.

When the administration extends over assets located in several jurisdictions, it is often convenient to apply, in advance, for the assistance of the different courts; hence the practice has become common of applying for auxiliary or ancillary appointments. When such an application is made, the court to which it is addressed exercises its own original jurisdiction. The decree in the court of the domicile of the corporation is evidence in every other state that the corporation is insolvent, and that a proper case exists in that state for the appointment of a receiver, and it is to be respected accordingly, in obedience to the constitutional provision whereby full faith and credit is to be given in each state to the records and judicial pro-

ceedings of every other state of the Union. But it is for the court to which the application is made to decide what remedy it should extend in the particular case, and whether the proper administration of the assets requires the appointment of a receiver. Ordinarily, in comity to the proceeding of another court of co-ordinate jurisdiction, it will appoint an ancillary receiver, and assume administration in aid of the primary receiver. Trust Co. v. Miller, 33 N. J. Eq. 155. When it appoints a receiver, the officer becomes its officer, and is completely amenable to its control, and it matters not whether he is called an ancillary receiver or merely a receiver. His title to the assets within the jurisdiction is derived from its decree, and does not depend upon comity. The assets are in its custody, and are to be disposed of as equity and the orderly administration of justice require. Its judgments and decrees in respect to these assets must be accepted as conclusive by all other courts. "Where a receiver, administrator, or other custodian of an estate is appointed by the courts of one state, the courts of that state reserve to themselves full and exclusive jurisdiction over the assets of the estate, within the limits of the state." Reynolds v. Stockton, 140 U. S. 254, 11 Sup. Ct. 773. It rests in the discretion of the court appointing the receiver whether the assets within its jurisdiction shall be distributed under its own direction or shall be transmitted to the primary receiver. U. S. v. Coxe, 18 How. 105. It is eminently proper that claimants residing within its jurisdiction should be relieved from the expense and inconvenience of proving their claims in other jurisdictions, and that provision should be made for securing to them equality of distribution in respect to the whole assets of the corporation; but there is no hard and fast rule to control the discretion of the court in making such distribution of the assets as shall be just to all creditors, and ultimately effect a ratable distribution of all the property of the corporation. Buswell v. Supreme Sitting (Mass.) 36 N. E. 1065; Baldwin v. Hosmer (Mich.) 59 N. W. 432.

Courts of justice make no distinction between foreign and domestic creditors when their claims are of equal validity. After the appointment of the ancillary receivers, all the creditors of the insolvent corporation who had not acquired some priority of lien upon its assets were upon an equal footing. None had previously acquired any, and, under the remedies given by the laws of the state, the domestic creditors could not have secured priority upon the assets in that state over the foreign creditors. Bank v. Lacombe, 84 N. Y. 367.

The orders which have been appealed from were a proper exercise of judicial discretion. If they had directed the appropriation of the fund to satisfy the debts of resident creditors, excluding foreign creditors except as to the surplus, the rule that equality among creditors is equity would have been ignored.

The orders are affirmed.