SHINNEY v. NORTH AMERICAN SAVINGS, LOAN & BUILDING CO. et al.

(Circuit Court, D. Utah. February 13, 1899.)

No. 309.

1. RECEIVERS—POWER OF COURT TO APPOINT—FOREIGN CORPORATIONS.

A court of equity has general power to appoint a receiver for the as-sets of a foreign corporation within its jurisdiction.

2. SAME—VALIDITY OF APPOINTMENT—COLLATERAL ATTACK.

An order appointing a receiver, where it was a part of the relief sought by the bill, and the court had jurisdiction, cannot be attacked collaterally.

3. SAME—FEDERAL AND STATE COURTS—ANCILLARY RECEIVERSHIP.

When a receiver has been appointed for a corporation by a court of the state where it is domiciled, a federal court of another jurisdiction has power to appoint the same person as ancillary receiver in such jurisdiction.

4. REMOVAL OF CAUSES—SUIT FOR APPOINTMENT OF ANCILLARY RECEIVER.

A suit for the appointment of an ancillary receiver in a different juris-diction is not ancillary to the suit in which the primary receiver was ap-pointed, but entirely independent, and, if brought in a state court, is sub-ject to removal to a federal court, the same as other causes.

5. SAME—ANCILLARY SUITS—ACTION AGAINST FEDERAL RECEIVER.

A suit brought against a receiver of a federal court to determine his right to assets claimed by him as such receiver is ancillary to the suit in which he was appointed, and, if brought in a state court, may be removed by the receiver into the federal court by which he was appointed, without regard to the citizenship of the parties or the amount in controversy.

On Motion to Remand to State Court.

Wm. L. Maginnis, for complainant.

P. L. Williams, for defendants.

MARSHALL, District Judge. The plaintiff brought this suit in a state court against the North American Savings, Loan & Building Company, a corporation, Edward B. Graves, its receiver, heretofore

appointed by this court, and the Norwich Union Fire Insurance Company. The object of the suit is to have an account taken of the sum due by plaintiff on a note and mortgage made to the first defendant, and to recover from the insurance company the amount of a policy of insurance on a house, a part of the mortgaged property, and heretofore destroyed by fire, less, however, the sum found due the first-named defendant and its receiver on such accounting. The insurance company admits its liability on the policy, and is willing to pay the same to whomsoever may be determined as entitled thereto. The receiver removed the suit into this court. The plaintiff now moves to remand on the following grounds: (1) That the suit of A. V. McIntosh against the North American Savings, Loan & Building Company, in which suit said receiver was appointed, did not give this court jurisdiction to appoint a receiver; (2) that, even if jurisdiction to appoint a receiver existed, it could not be exercised for the purpose of an appointment ancillary to a primary administration in a state court of another state; (3) that the proceedings for the appointment of a receiver of the assets of the North American Savings, Loan & Building Company in Utah was ancillary to the primary suit in a state court of Minnesota, and hence could not be removed to a federal court; (4) that the value of the matter in dispute in the present case does not exceed the sum of $2,000. These objections will be considered in the order named.

1. The case of McIntosh against the North American Savings, Loan & Building Company was instituted in a state court, and a receiver of the assets of the defendant within the state of Utah was appointed by that court in advance of an appearance by the defendant. The defendant, a foreign corporation, thereafter removed it into this court. Subsequently the receiver so appointed resigned, and the defendant Edward B. Graves was permitted to file a petition in that suit in which it was alleged that he had been appointed the receiver of the North American Savings, Loan & Building Company by a state court of Minnesota, in a suit then pending, and prior to the institution of any proceedings in Utah; that the corporation had been organized under the laws of Minnesota, and had its general offices there; that in said suit the insolvency of the corporation and the necessity for a receiver was shown; that he had duly qualified as such receiver; and he prayed that he might be appointed by this court receiver of the assets of said corporation within Utah, and that such receivership be ancillary to the primary administration of the state court of Minnesota. Thereupon said Graves was appointed as receiver by this court, and he duly qualified as such. In his motion to remand, the plaintiff, Shinney, attacks collaterally the jurisdiction of the court in the case of McIntosh against the North American Savings, Loan & Building Company. He was not a party to that suit, nor is this proceeding appropriate for the correction of any error therein. The propriety of the original appointment of a receiver, or of the appointment of defendant Graves as ancillary receiver, is not material here, if jurisdiction to make the appointment existed. That a general power exists to appoint a receiver of the assets of a foreign corporation within the jurisdiction of the court appoint-

ing is well settled.   Williams v. Hintermeister, 26 Fed. 889; Murray v. Vanderbilt, 39 Barb. 140; Trust Co. v. Miller, 33 N. J. Eq. 155; 5 Thomp. Corp. §§ 6860, 6861.   And the case of Buswell v. Order of Iron Hall, 161 Mass. 224, 36 N. E. 1065, is a precedent for the appointment here made.   Jurisdiction of the person is unquestioned.   The corporation was regularly served with process, appeared, and answered the complaint, and has never objected to the jurisdiction.   The appointment of a receiver was a part of the relief expressly sought in the suit, and there was an attempt to state a cause of action therefor. If, for the purposes of the argument, it were admitted that the complaint did not state a good cause of action, or affirmatively showed that the plaintiff was not entitled to the relief prayed, the jurisdiction would still exist.   An appointment on such a bill would be erroneous, but in no sense void.   The action of the court being properly invoked, its determination would not be void for want of jurisdiction, so long as it was within the issues tendered.   Reynolds v. Stockton, 140 U. S. 254–269, 11 Sup. Ct. 773; Moore v. Martin, 38 Cal. 428; Ricketts v. Spraker, 77 Ind. 371; In re Latta, 43 Kan. 533, 23 Pac. 655; Young v. Lorain, 11 Ill. 624; Van Fleet, Coll. Attack, § 61.

2. It is admitted that, when a receiver is once appointed by a federal court, other federal courts, through comity, will usually appoint the same person as receiver of the assets within their jurisdiction; but it is argued that, where the appointment is first made by a state court, federal courts are without power to act, in conformity with the principle of comity.   No reason for such a distinction is apparent.   The state court is of co-ordinate jurisdiction in such matters with the federal court sitting in the same locality.   As between the parties, its determination of the insolvency of the corporation and of the need for a receiver is just as conclusive as if had in a federal court.   The need for a uniform administration of the assets of an insolvent corporation inheres in the principles of equity, and does not vary with the forum first invoked.   It is no unusual thing for a federal court to appoint an ancillary receiver of assets within its jurisdiction in aid of a primary appointment by a state court of another state.   Sands v. E. S. Greeley & Co., 31 C. C. A. 424, 88 Fed. 130.

In Rust v. Waterworks Co., 17 C. C. A. 16–20, 70 Fed. 129–133, the circuit court of appeals of the Eighth circuit said:

"It goes without saying that the court below [United States circuit court for the district of Colorado] had the power, upon the presentation to it of the decree of the court of chancery of the state of New Jersey appointing the plaintiff in error the receiver of the property of this insolvent corporation, and the trustee for its creditors and stockholders, to appoint him receiver and trustee, with the same powers, in the district of Colorado, and to authorize him to sue for and to defend suits against the waterworks company in that district in the name of the corporation or in his own name."

The plaintiff's contention is without merit.

3. The third objection confounds the nature of a suit for ancillary receivership.   It is in no sense a continuation of, or an incident to, the suit in which the primary receiver was appointed.   A judgment against the ancillary receiver does not bind assets beyond the juris-

diction of the court appointing him. Reynolds v. Stockton, 140 U. S. 254, 11 Sup. Ct. 773; Johnson v. Powers, 139 U. S. 156, 11 Sup. Ct. 525. "Where a receiver, administrator, or other custodian of an estate is appointed by the courts of one state, the courts of that state reserve to themselves full and exclusive jurisdiction over the assets of the estate, within the limits of the state." Reynolds v. Stockton, supra. "It rests in the discretion of the court appointing the receiver whether the assets within its jurisdiction shall be distributed under its own direction, or shall be transmitted to the primary receiver. U. S. v. Coxe, 18 How. 105." Sands v. E. S. Greeley & Co., 31 C. C. A. 424–426, 88 Fed. 130–133. The two proceedings are entirely independent. The need for a uniform and equitable distribution of the assets alone moves the discretion of the court of so-called "ancillary jurisdiction" to transmit them to the court of primary jurisdiction. Evidently, to insure equality among creditors, some one court must determine their rights, although the assets may be scattered through many jurisdictions. Among co-ordinate courts, the court of primary jurisdiction is selected for this purpose, not because of any paramount jurisdiction inhering in it, but because of the necessity of making some selection, and of the difficulty of formulating any principle of selection other than that of the first in time.

4. It is true that the matter in dispute in this action does not exceed. in value the sum of $2,000, and it would therefore not be removable to this court, except that in a suit pending here the defendant Graves has been appointed receiver of the assets of the North American Savings, Loan & Building Company, that he is sued as such receiver, and the object of the suit is to determine his right to assets claimed by him as receiver. For the purposes of jurisdiction, this suit must be considered as ancillary to the suit pending in this court in which he was appointed receiver, and, as such, cognizable here, irrespective of citizenship of parties or of amount in controversy. White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018; State of Washington v. Northern Pac. R. Co., 75 Fed. 333; Carpenter v. Railroad Co., Id. 850; Sullivan v. Barnard, 81 Fed. 886; Bausman v. Denny, 73 Fed. 69. The motion to remand is denied.