CONKLIN et al. v. UNITED STATES SHIPBUILDING CO.

(Circuit Court, D. New Jersey. August 27, 1906.)

CORPORATIONS—INSOLVENCY—LIABILITY OF RECEIVER FOR STATE FRANCHISE TAX.

The annual franchise tax imposed on corporations by the New Jersey statute, which provides that such tax shall be a preferred debt in case of insolvency, is a valid preferred charge against the assets of an insolvent corporation being administered by a receiver of a court of equity within the state, whether state or federal, so long as the corporation remains undissolved.

In Equity. On rule to show cause.
See 143 Fed. 631.

Lindabury, Depue & Faulks, for receiver of defendant company.

Robert H. McCarter and Edward D. Duffield, for the state of New Jersey.

LANNING, District Judge. The receiver of the United States Shipbuilding Company seeks instruction as to whether it is his duty to pay to the state of New Jersey, as a preferred debt, the franchise tax assessed by the state against that company for the year 1905. I think he must do so. The case is controlled by Duryea v. American Woodworking Mach. Co. (C. C.) 133 Fed. 329, notwithstanding the fact that this court (C. C.) 140 Fed. 219, and the Court of Chancery of New Jersey have each decided that it has no power to dissolve the

shipbuilding company and thereby put an end to its corporate existence and to the receiver's liability for franchise taxes. The trust-fund doctrine, which the counsel for the receiver invokes in supposed aid of the general creditors, will not help them. The act authorizing the imposition of the tax in question declares that it "shall be a preferred debt in case of insolvency" (Gen. St. p. 3335, § 6.)    And in the opinion of Chief Justice Gummere in the United States Car Company's Case, 60 N. J. Eq. 514, 43 Atl. 673, it was held that such an imposition is not, properly speaking, a tax but a debt, and that it is a preferred debt as to each and every franchise tax imposed upon an insolvent corporation during the period of its corporate existence, even after its assets have passed into the hands of a duly appointed receiver.    Such a debt may not be allowed as a preferred one in a bankruptcy case, because of the provisions of the bankruptcy act (see In re Cosmopolitan Power Co. [C. C. A.] 137 Fed. 858), or by any state or federal court outside of New Jersey administering a New Jersey insolvent corporation's assets which never had a situs in New Jersey, because of the general rule that a court will not enforce a principle opposed to the law or policy established within its territorial jurisdiction concerning matters of local administration. Rogers v. Riley (C. C.) 80 Fed. 759; Fletcher v. Harney Peak Tin Min. Co. (C. C.) 84 Fed. 555; Sands v. E. S. Greeley & Co., 88 Fed. 130, 31 C. C. A. 424; Kirker v. Owings, 98 Fed. 499, 39 C. C. A. 132; Ballou v. Flour Milling Co., 67 N. J. Eq. 188, 59 Atl. 331. The trust-fund doctrine, however, accords to all preferred creditors their full legal rights. In speaking of this doctrine, Mr. Justice Brewer, in Hollins v. Brierfield Coal & Iron Co., 150 U. S. 383, 14 Sup. Ct. 130, 37 L. Ed. 1113, said:

"Whatever of trust there is arises from the peculiar and diverse equitable rights of the stockholders as against the corporation in its property and their conditional liability to its creditors.    It is rather a trust in the administration of the assets after possession by a court of equity than a trust attaching to property, as such, for the direct benefit of either creditor or stockholder."

This court, in administering through its receiver the trust thus referred to, must have due regard to the rights of preferred creditors as they are fixed by the law. The terms of the contract between the state of New Jersey and the shipbuilding company, one of which was that the company should pay to the state annually a certain license fee or franchise tax, were embodied in a public statute, and were assented to by the shipbuilding company when it voluntarily accepted from the state its chartered powers. Knowledge of those terms, furthermore, must be imputed to the general creditors of the company. Called on, as this court now is, to instruct its receiver as to his duty concerning the claim of the state of New Jersey, it cannot impair the state's contractual right. If such a rule is a hard one for the general creditors of insolvent corporations, it can be changed only by legislative action.

The receiver is instructed that it is his duty to pay the tax.