In re ISAACSON.

(Circuit Court of Appeals, Second Circuit. November 9, 1909.)

No. 17.

1. BANKRUPTCY (§ 484*)—JURISDICTION OF COURTS—ALLOWING COMPENSATION TO RECEIVER.

Where, on the filing of a petition in involuntary bankruptcy, a receiver is appointed and authorized to continue the debtor's business, but a second petition is afterwards filed in another district, where an adjudication is made, and to which the proceedings are transferred under General Order No. 6,[1] as being the district of his domicile, the court in the other district has jurisdiction to fix the compensation of its receiver and his counsel, although payment can only be made on order of the court having custody of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 484.*]

2. BANKRUPTCY (§ 114*)—APPOINTMENT OF RECEIVER—CONTINUANCE OF BUSINESS.

An order authorizing a receiver in bankruptcy to continue the business of the bankrupt for a limited time is largely discretionary, and cannot be collaterally attacked.

[Ed. Note.—For other case, see Bankruptcy, Cent. Dig. § 165; Dec. Dig. § 114.*]

Petition to Review Orders of the District Court of the United States for the Southern District of New York, in Bankruptcy.

In the matter of Samuel D. Isaacson, bankrupt. On petition by Harding, Whitman & Co. to revise orders of the District Court. Orders modified and affirmed.

See, also, 161 Fed. 777, 779.

This cause comes here upon a petition to revise two orders of the District Court, entered October 26, 1908. One of these orders confirmed a report of the special master, which overruled objections filed by petitioner to various petitions for allowances and to the accounts of the receiver. The other order denied a motion to set aside such report.

Hyman & Campbell (A. R. Campbell, of counsel), for petitioners.

H. & J. J. Lesser (R. P. Levis, of counsel), for respondents.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. On February 27, 1908, involuntary petition in bankruptcy was filed in the Southern district of New York, and William Blau was appointed receiver. He took possession of two places of business of the alleged bankrupt, one in the borough of Manhattan and the other in the borough of Brooklyn. On the day following receiver's appointment an order was made permitting the continuance of business for 20 days, and under it the receiver actually continued business for 5 days. On March 4th an adjudication of bankruptcy was made. Meanwhile, on March 2d, petitioner and two other creditors filed a petition in involuntary bankruptcy against Isaacson in the Eastern district. After various proceedings, which it is not necessary to recite, Isaacson was adjudged a bankrupt, and William Blau and Warren I. Lee were appointed receivers by the bankruptcy court in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] 32 C. C. A. ix, 89 Fed. v.

Eastern district. The adjudication in the Southern district was vacated, "trial of petition filed in Eastern district to be brought on first under rule 6" (32 C. C. A. ix, 89 Fed. v) and all property held by the Southern district receiver was turned over to the Eastern district receivers.

On or about May 16, 1908, petitions were presented to the United States District Court for the Southern district of New York, by William Blau as temporary receiver, by H. & J. J. Lesser, as attorneys for such temporary receiver, and by H. & J. J. Lesser, as attorneys for the petitioning creditors in the proceedings in said court, for allowances to them for their work done in the said proceedings; and the petition of William Blau prayed also the allowance of his accounts, which were annexed to said petition. It is the decision of the court upon such petitions, after report by special master, which it is now sought to revise.

It is contended that there was legal error in fixing the amount of the allowances and directing their payment, for the reason that the bankruptcy court in the Southern district had no jurisdiction. We cannot assent to the proposition that the court which appointed the receiver, and for which his services were rendered, has not jurisdiction to examine into the nature and extent of those services and to determine what is a proper compensation therefor. Technically that court has no jurisdiction to order the receivers appointed by another court to make disbursements out of the fund in their hands, and in that particular the order of October 27, 1908, is modified; but the bankruptcy court in the Eastern district will undoubtedly give full faith and credit to the determination of the court in the Southern district as to the value of services rendered by an officer of that court to that court, and will instruct its own receivers accordingly.

It is further contended that it was imprudent and negligent of the receiver to undertake to continue the business, even for 5 days. We need not examine this question. No proceeding was ever had to review the order authorizing him to do so, and it may not be thus collaterally attacked. This matter of continuing a going business till it can be determined whether or not such course will be for the best interests of all is so largely a matter of discretion confided to the bankruptcy courts that it would require a most extraordinary showing to persuade an appellate court to the conclusion that such discretion had been abused.

As to the amount of the allowances, we are inclined to the opinion that, in the case of the receiver's counsel at least, they are extremely liberal; but we see no reason to disturb the determination of the District Judge, who was necessarily more familiar than we are with the nature and extent of the services. We concur with the special master, as did the District Judge, that the receiver should not be surcharged for losses on sales during the continuance of the business, and find nothing in the objections as to exclusion of evidence or as to the filing of briefs with the special master which calls for discussion.

With the modification above indicated, the orders are affirmed.