LOESER v. DALLAS.

(Circuit Court of Appeals, Third Circuit. November 24, 1911.)

No. 1,518.

BANKRUPTCY (§ 114*)—ANCILLARY RECEIVERSHIP—ACCOUNTING.

Where defendant was appointed ancillary receiver of an Ohio bankrupt's property located in the Western district of Pennsylvania, the court appointing such ancillary receiver, sitting in Pennsylvania, had jurisdiction to settle the receiver's accounts, affording to creditors or the trustee of primary jurisdiction an opportunity to question the correctness of the accounting in the ancillary court; the receiver not being bound to account to the court of primary jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition for Revision of Order of the District Court of the United States for the Western District of Pennsylvania.

Action by Irwin N. Loeser, as trustee of the estate of Wender Bros., against Charles E. Dallas, ancillary receiver of the estate of Wender Bros., bankrupts. On petition to review an order settling the ancillary receiver's account. Granted.

Louis J. Grossman and Weil & Thorp, for trustee.

Alpern & Seder and L. C. Barton, for ancillary receiver.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case a petition in bankruptcy against the firm of Wender Bros. was filed in the District Court for the Northern District of Ohio, and on February 9, 1911, it was adjudged bankrupt. On February 27, 1911, Loeser, the petitioner, was qualified as trustee. Meanwhile, on December 28, 1910, an ancillary proceeding in bankruptcy was begun in the District Court of Western Pennsylvania, and on the same day one Glick was appointed receiver. On January 9, 1911, on petition of said Glick, the marshal of the Western District of Pennsylvania was directed to seize and hold certain personal property of the bankrupts, then in the hands of a third party, in said district. On January 31, 1911, Glick was removed, and Charles R. Dallas appointed receiver in his stead. The same day Dallas qualified and gave bond in $20,000, conditioned that he "shall obey such orders as said court may make in relation to said trust, and shall faithfully and truly account for all the moneys, assets, and effects of the estate of said bankrupts which shall come into his hands or possession * * * as ancillary receiver." The marshal was subsequently directed to surrender the goods of the bankrupts to Dallas, and thereafter, by order of the court, he, during the month of February, disposed of the same, employing clerks, etc., and realizing some $4,300. On March 10, 1911, Dallas filed his account as ancillary receiver in the court below, which was "confirmed nisi, to become absolute at the expiration of 10 days' notice hereof upon the trustee of said estate." Subsequently Loeser, the trustee, filed exceptions to the account of Dallas as ancillary receiver, wherein he raised the question that Dallas should have accounted direct to the court of primary jurisdiction, and that the District Court in Pennsylvania was without jurisdiction over the accounts of its own receiver.

The property for the proceeds of which Dallas accounted was situate in the Western District of Pennsylvania; he converted the same into cash before the Ohio trustee qualified; he has charged himself with the entire proceeds thereof, and has simply taken credit for the expenses of converting that property into cash; and he is ready to turn over the residue to the trustee of the court of primary jurisdiction. While some questions were made in the court below as to the correctness of some items of expenditure, no such questions are raised here, and the correctness of the sum Mr. Dallas is ready to pay Mr. Loeser is conceded. It will thus be seen the case is reduced to the single question of jurisdiction. On that point we have no doubt. The amendment of June 25, 1910, to the bankrupt law, providing for

ancillary proceedings in bankruptcy, simply recognized by statute a practice which courts of bankruptcy, in pursuance of principles of equity and comity, had theretofore generally exercised.   In the nature of things an ancillary receiver must be subject alone to, and obey the orders of, that court of which he is an officer.   So obeying, it follows that to it alone must he account.   Any other course would breed confusion in administration and go far toward making the exercise of ancillary jurisdiction impracticable; for if a court, in pursuance of comity, undertakes to exercise ancillary jurisdiction by administering local assets, which it alone has power and jurisdiction to administer, it follows that its hand must be free to administer by its own officer and to exact from him the full measure of duty.   Such executive work it can only secure from an officer answerable to it alone.   Kirker v. Owings, 98 Fed. 511, 39 C. C. A. 132; Sands v. Neely, 88 Fed. 133, 31 C. C. A. 424; In re Isaacson, 174 Fed. 406, 98 C. C. A. 614; Ames v. U. P. Ry. Co. (C. C.) 60 Fed. 966.

These recognized principles and practices in ancillary proceedings we must assume Congress had in view in passing the amendment in question.   When in such cases the receiver of an ancillary court makes his accounting to his own court, that court meets all requirements of comity to the primary court by affording the latter, through its proper officer, the opportunity to question the correctness of the accounting to the ancillary court.   That was done in this case, and the contention that each creditor in the court of primary jurisdiction had to have notice, and, because the ancillary court had in its possession no list or knowledge of who such creditors are, that therefore the ancillary receiver must file his account in the primary court, is a non sequitur, based on the assumption that Congress, while authorizing ancillary proceedings, coupled therewith an extraterritorial accounting to which no court should subject its own receiver.   As this petition has subjected the ancillary receiver to the expense of contesting the petition in this court, the court below is authorized to make such proper reimbursing allowance for such expense to its receiver from the fund in his hands as it deems proper.

The order of the District Court is affirmed, with costs, and the record will be remanded, with instruction to that court to allow said costs, and a reasonable counsel fee to the ancillary receiver's counsel for his services in this court, to be paid out of the balance of moneys appearing by his report to be in the hands of said receiver.