Welch & Co. v. Central San Cristobal.

# WELCH & COMPANY

*v.*

# CENTRAL SAN CRISTOBAL.

San Juan, Equity, No. 940.

On Motion to Consolidate Causes.

Consolidation—Discretion.

1. The consolidation of suits is authorized by Revised Statutes, § 921, which applies to equity as well as law. The object is to save costs and delay where two suits can be conducted together, and is within the sound discretion of the court.

Equity Jurisdiction—Ancillary Suit.

2. An ancillary court has the power to regard its proceedings as entirely independent of those of the primary court up to the point of distribution of assets, whose net proceeds should be remitted to the primary court.

Consolidation—Identity of Parties.

3. Where the issues and parties are not identical, consolidation is not appropriate. Nevertheless, if conditions arise in which the two causes concern the same subject-matter, consolidation will then be considered.

Testimony—Two Causes.

4. Where testimony is germane in two causes it may be taken in one, and an order applied for its use in the other case. Identity of evidence is not *per se* ground for consolidation.

Opinion filed November 16, 1914.

*Mr. H. G. Molina* for motion to consolidate.

*Mr. J. H. Brown* for bondholders in opposition.

Welch & Co. v. Central San Cristobal.

HAMILTON, Judge, delivered the following opinion:

The case at bar is a general creditors' bill in which a receiver was appointed and steps have been taken to determine the different claims. The matter of the first mortgage does not come up directly. It is now sought to consolidate this suit with No. 947 [ante, 225], which is a suit by the trustee for the first mortgage bondholders. The second suit, that of the United States Mortg. & T. Co. v. Central San Cristobal, is filed in this court as an original suit, while that of Welch & Company was fined originally in the district court for the district of Connecticut, ancillary proceedings taken in the southern district of New York, and the proceedings in this court are ancillary to. the New York suit.

1. There is no question that the court has the power to consolidate the two causes. The consolidation of suits is within the sound discretion of the court. United States Revised Statutes, § 921, Comp. Stat. 1913, § 1547, which applies to suits of equity as well as suits at law. Foster, Fed. Pr. 5th ed. § 472. The object of such a consolidation is to save the cost and delay incident to two suits, where the two can be conducted together. "It operates as a carrying on together of two separate suits supposed to involve identical issues," and does not make the parties to the one henceforth parties to the other. And the consolidation and decree in the one matter are not necessarily a decree in the other, unless so directed. Toledo, St. L. & K. C. R. Co. v. Continental Trust Co. 36 C. C. A. 155, 95 Fed. 497, 506. It is therefore a question of good judgment rather than of right, and rests within the sound discretion of the court. 2 Foster, Fed. Pr. p. 1546.

VII. Porto Rico—20.

Welch & Co. v. Central San Cristobal.

2. The fact that the one suit is ancillary and the other original must be taken into account. It is true that the word "ancillary" has not a fixed meaning. There are some cases in which the ancillary proceeding is merely in aid of the principal proceeding in another jurisdiction, in which the decrees of the primary court are transmitted to the ancillary court and there adopted. There are other cases, however, and the case at bar seems to be one of these, where practically nothing is done in the court of primary jurisdiction after the initiation of the suit until the ancillary court, administering the assets, has reduced the property to cash, paid all local priorities, and is ready to turn over the net proceeds to the primary court. The isolation of Porto Rico, moreover, makes the second kind of suit more usual and more useful here. 34 Cyc. 502; American Loan & T. Co. v. Central Vermont R. Co. 86 Fed. 390, 392; Lewis v. American Naval Stores Co. 119 Fed. 397. The ancillary court has the power to regard its proceedings as entirely independent of those in the primary court up to the point of distribution of assets. Where a concern has branches or interests in different jurisdictions, it is necessary that some one court exercise a general oversight of the whole matter, and this is the function of the primary court. The courts may all be perfectly equal, but someone has to exercise this function, and by consent it devolves upon the court first taking jurisdiction, that is to say, the primary court. Shinney v. North American Sav. Loan & Bldg. Co. 97 Fed. 11, 12; United States use of Mackey v. Coxe, 18 How. 105, 15 L. ed. 301. It is all, however, a matter of comity, which is another way of saying that it is discretionary with the ancillary court.

3. The question, therefore, is not one of power, but of dis-

Welch & Co. v. Central San Cristobal.

cretion. Are there any good grounds for consolidating the two cases?

A suit is a proceeding between two parties and involving a certain subject-matter. There can be no consolidation of causes unless both parties and subject-matter are practically the same. Otherwise there will be collateral issues and parties not in interest, with the result that consolidation would do more harm than good.

In the two cases at bar it cannot be said that either the parties or issues are practically identical. To the foreclosure suit the general creditors are not parties, nor except in certain instances, not yet determined, do they necessarily claim any subordination to the first mortgage. If any of their claims shall be found to be superior to the first mortgage, they will be protected upon timely application. This can arise only upon the question of priorities of the different claims, which is not yet before the court. On the other hand, to the general creditors' bill the mortgage trustee is not a necessary party. It is claimed that by intervening he has made himself a party, but on the other hand he denies that he has intervened except for particular purposes. The issues are at present not the same, and not parallel. It is true Welch & Company are parties also to the foreclosure suit, but Welch & Company do not so much deny the validity of the mortgage as that they should *pro tanto* be subrogated to the rights of the bondholders. Conditions may readily arise in which the two causes will concern somewhat the same subject-matter, and the court will then consider whether there should be a consolidation.

4. It may well be that, as a matter of convenience, some of the evidence taken by the mortgage trustee or by Welch will

be germane to the issues in both cases. Application to use such testimony in the case in which it is not taken will be considered and proper action taken. This, however, relates to individual evidence, and does not seem to call for an order of consolidation, or an order directing that all the evidence in the one case shall be used in the other. "Generally speaking all causes to be consolidated should be ripe for decree when the application for consolidation is made," as otherwise diligent parties would have to wait upon the slothful. Street, Fed. Eq. Pr. §§ 1312, 1315; 8 Cyc. 591.

The motion therefore is denied.