WALKER v. UNITED STATES LIGHT & HEATING CO.

(District Court, S. D. New York.   February 4, 1915.)

CORPORATIONS ⊕⟹557—RECEIVERS—APPOINTMENT—DIFFERENT DISTRICTS—DE-
FENSES.

Where receivers had been appointed for a corporation in the Western
district of New York, where the corporation had its domicile and most of
its property, in a suit by a trust company, which was not a judgment cred-
itor, acting for all the corporation's creditors, in which the corporation
admitted its inability to pay its debts and raised no objection that com-
plainant was not a judgment creditor, it could not successfully raise such
objection in a similar suit in the Southern district of New York by an-
other simple contract creditor to have the same persons appointed re-
ceivers in that district, in order to collect claims of the corporation lo-
cated there.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2227, 2228,
2230–2236; Dec. Dig. ⊕⟹557.]

In Equity.   Suit by Guy M. Walker against the United States Light
& Heating Company.   On application for appointment of receivers.
Granted.

Bonynge & Bonynge, of New York City (Harold S. Deming, of New
York City, of counsel), for complainant.

Dos Passos Bros., of New York City (Louis S. Posner, of New
York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge.   The complainant brings
his bill in the Southern district of New York and moves for the ap-
pointment of receivers.   The complaint is by a citizen and resident of
the state of New York against a corporation organized under the Laws
of the state of Maine.   It alleges that the defendant corporation has a
large manufacturing plant at Niagara, in the Western district of New
York, and also has merchandise and manufactured product in the
Southern district of New York, and further is the owner of various
claims and rights of action against residents therein.   The complaint
sets forth that heretofore the Central Trust Company, a creditor of
defendant, filed its bill of complaint in a suit against the defendant in
the United States District Court for the Western District of New
York, and that defendant filed its answer to said bill in that court,
admitting all the several allegations thereof.   A copy of the bill of
complaint by the Central Trust Company is annexed to the complaint
in this cause, which was sworn to July 20, 1914, and alleged that the
defendant was unable to meet its obligations, and that unless a receiver
was appointed and the operation of defendant's plant kept intact, great
loss would be inflicted upon the creditors, since the defendant had then
no money to pay its obligations which had matured, and had no rea-
sonable hope of finding assistance from any quarter.   In accordance
with the relief prayed for in the bill, Messrs. James O. Moore and
James A. Roberts were appointed receivers by Judge Hazel in the
United States District Court for the Western District of New York
"of all the property and assets, real, personal, and mixed, of whatever

kind and description and wheresoever situate, owned by the above-named defendant," and these receivers have duly qualified.

·The bill of complaint in the case at bar alleges that the receivers have raised a question as to their right to sue in any other district than that wherein their appointment was made, and have requested the complainant to institute this suit to move for their appointment in order particularly that they may enforce the causes of action above referred to against residents of this district. The complainant in this suit, like the complainant in the suit in the Western district of New York, is not a judgment creditor. It is to be noted, however, that the defendant in the former suit appeared generally and filed an answer to the bill of complaint, admitting the truth of all the allegations therein contained, that that suit is pending, and that the receivers were appointed in pursuance of the prayer for relief in that complaint, and that the defendant in its duly verified answer in that suit "joins in the prayer thereof."

Under these circumstances, I think that the defendant should not be permitted to come into this court and urge that receivers should not be appointed because the plaintiff here is not a judgment creditor. The complaint in the suit brought by the Central Trust Company in which receivers have already been appointed, states that the Central Trust Company "brings this its bill of complaint on its behalf and on behalf of all other creditors of the United States Light & Heating Company, defendant, who may hereafter join in the prosecution of this ·suit against the United States Light & Heating Company." That suit was, therefore, directly in aid of the complainant in the case at bar, if he is, as he alleges himself to be, a creditor of the defendant corporation. In that suit the defendant corporation admitted by its answer, verified by its secretary and treasurer in an affidavit which states that he executed the answer "pursuant to the authority and direction of the board of directors," all the allegations of the complaint, and joined in the prayer for relief, which contained, among other things, and, indeed, as the principal relief asked for, the appointment of receivers.

· I think, under the circumstances, that the defendant should not be heard in another suit brought in this district for the purpose of collecting outstanding claims belonging to the corporation to take the position that the bill will not lie because the complainant is not a judgment creditor. The adjudication in the other suit that receivers should be appointed, made with the consent and at the request of the defendant corporation, amounts, I think, to a decree had upon the complaint instituted by a creditor who had no judgment for the benefit of all other creditors, to the effect that the case was a proper one for a determination of all claims by a court of equity and that a receiver was necessary. In the cases of Sage v. Memphis, etc., R. R. Co., 125 U. S. 361, 8 Sup. Ct. 887, 31 L. Ed. 694, Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358, and re Metropolitan Receivership, 208 U. S. 109 28 Sup. Ct. 219, 52 L. Ed. 403, it is said that the complainant must first have exhausted his remedy at law—in other words, must have a judgment establishing his claim—before instituting a creditors' bill unless the claim is acknowledged.

While the defendant may not have acknowledged in this suit the claim of the complainant, it has rendered the objection unavailable by already waiving it in the suit brought in the Western district of New York for the benefit of all creditors including the complainant here whenever he might choose to join in the prosecution. In other words, I do not think that the doctrine enunciated in the Supreme Court cases above referred to properly applies to a case where the complainant, although proceeding as he necessarily must by an original bill in the United States District Court, is in effect instituting an ancillary proceeding. To be sure, the present suit is what is known as a conservation suit; in other words, is not based upon the insolvency of the defendant, yet the reasoning of Judge Wallace, in the case of Sands v. E. S. Greeley & Co., 88 Fed. 130, 31 C. C. A. 424, though that was a case of insolvency, applies equally to the case at bar. He says:

"When such an application is made, the court to which it is addressed exercises its own original jurisdiction. The decree in the court of the domicile of the corporation is evidence in every other state that the corporation is insolvent, and that a proper case exists in that state for the appointment of a receiver, and it is to be respected accordingly, in obedience to the constitutional provision whereby full faith and credit is to be given in each state to the records and judicial proceedings of every other state of the Union."

Accordingly, I think the necessity and propriety of the relief herein asked for has already been adjudicated in the Western district of New York, in a suit brought by the Central Trust Company for the benefit of itself and all other creditors of the defendant, of whom the complainant is one.

Judge Lacombe seems to have adopted this practice without opinion in the case of Bowker & Maloney v. Haight & Freese Co., the original record upon appeal in the United States Circuit Court of Appeals in which case will be found in the bound volume of appeals in the Library of the Law Institute, being No. 3375.

For the foregoing reasons, I have decided to appoint as receivers in this cause the same gentlemen selected by Judge Hazel in the suit brought by the Central Trust Company in the Western district.