WILLIAMS, Receiver, etc., *v.* HINTERMEISTER.

*(Circuit Court, W. D. Pennsylvania. 1886.)*

1. CORPORATION—DISSOLUTION BY DECREE OF COURT—CONTEMPT OF OFFICER.
   An officer of a corporation that has been dissolved by order of court cannot avoid the obligation to obey an injunction issued by such court by going into another state beyond the jurisdiction of the court.
2. SAME—FOREIGN CORPORATION—RIGHT TO CARRY ON BUSINESS—COMPLIANCE WITH STATE LAWS.
   The constitution of the United States protects the commercial transactions of a corporation of another state against state legislation, imposing conditions upon the right to conduct such business.
3. SAME—STATE ALONE CAN OBJECT.
   In a suit by the receiver of a foreign corporation against an officer thereof to reach its assets the defendant cannot allege its legal incapacity to transact business in the state where suit is brought, in the absence of complaint by the state itself of an infraction of its laws.
4. SAME—RECEIVER—APPOINTMENT OF ANCILLARY RECEIVER.
   Where a receiver has been appointed by a state court, the court of another state may, when necessary, appoint an ancillary receiver in such state.

In Equity.

*G. Mortimer Lewis* and *J. H. McCreery*, for complainant.

*Wadlinger & Bruce, contra.*

ACHESON, J. The defendant was a citizen of the state of New York, and a director of the Ithaca Organ & Piano Company, a cor-

poration of that state, when judicial proceedings were there instituted in the supreme court for the county of Tompkins against the corporation, and the present plaintiff was appointed its temporary receiver. By the admission of his answer filed here, on January 13, 1885, while still such director, the defendant was served with a copy of the order of the court appointing the plaintiff the temporary receiver of the corporation, which order (as is shown by the certified copy of the record now here exhibited) enjoined the directors of the company, and all persons having notice of the order, from interferring with the receiver in the discharge of his duties, and from collecting any of the debts or demands of the corporation, or disposing of or transferring any of its property, etc. The defendant could not avoid the effect of the subsequent decree in said cause made January 24, 1885, dissolving the corporation, and appointing the plaintiff the permanent receiver thereof, etc., by leaving the state of New York on January 17th and coming into the state of Pennsylvania, nor did he avoid the obligation to obey the injunction order by escaping from the jurisdiction of the supreme court of New York. *Bagby v. Railroad Co.*, 86 Pa. St. 291. That, in violation of the decrees of that tribunal, and to the frustration thereof, the defendant has been interfering with the assets of the corporation in the state of Pennsylvania, and attempting to possess himself thereof, and to appropriate them to himself, is quite plain from what is now shown. Nor is it a sufficient justification of the defendant's conduct that he himself is a creditor of this company. The corporation has been judicially found to be insolvent, and its assets have been sequestered for the benefit of all its creditors, and the corporation dissolved by decrees of a competent court, which, as we have seen, are binding upon the defendant. Id.

The defendant, indeed, sets up in his answer that the Ithaca Organ & Piano Company, being a foreign corporation, unlawfully carried on business in the state of Pennsylvania without complying with certain laws of the state, and it is claimed, therefore, that the court ought not to grant any equitable relief to the corporation or its receiver. I incline, however, to think that the transactions of the corporation referred to were strictly of a commercial nature, and within the protection of the constitution of the United States. *Cooper Manuf'g Co.* v. *Ferguson*, 113 U. S. 727; S. C. 5 Sup. Ct. Rep. 739. But, however this may be, I am unable to preceive how it lies in the defendant's mouth to allege the corporation's want of legal capacity to transact business in this state so long as the commonwealth is not complaining of any infraction of its laws. *Goundie* v. *Northampton Water Co.*, 7 Pa. St. 233. Moveover, this is not a suit by the corporation, or in its behalf; the suit in the state of New York was an adversary one against the corporation, and this is but an ancillary suit. It is a proceeding in behalf of the innocent creditors of the corporation and to reach its assets. The case is fairly within the

principle of the ruling in *Hagerman* v. *Empire State Co.*, 97 Pa. St. 534, that where a foreign corporation which has done business in the state of Pennsylvania is sued here it can not escape service of process, and defeat the action, by setting up its failure to comply with the laws requiring it to establish an office in the state, and appoint an agent upon whom service may be made, etc.

The pendency of the suit in Luzerne county set up in the answer is no bar to this suit, if for no other reason, because the present plaintiff is not a party thereto.

There is a large amount of the personal assets of this corporation within this state, and I think it sufficiently appears that a necessity exists for the appointment of a Pennsylvania receiver to collect and take charge of the same. Indeed, this court recently, in the case of *Filley* v. *Ithaca Organ & Piano Co.*, appointed a receiver. But the action of the court in that case has been called in question by the present defendant, who obtained a rule which is still pending to show cause why the order of appointment should not be revoked. It is thought to be desirable that the appointment be made in this case, the declared intention being to discontinue the other suit simultaneously with the making of a new order of appointment herein. To this course the court perceives no valid objection.

Let a decree be drawn appointing a receiver and enjoining the defendant, as prayed for.