Bodge v. Skinner Packing Co.

in decreeing a specific performance is right and should be, and is,

AFFIRMED.

---

EUGENE L. BODGE, APPELLEE, V. SKINNER PACKING COMPANY, APPELLEE: H. C. LYDICK, INTERVENER, APPELLANT.

FILED DECEMBER 1, 1926.   No. 24192.

1. **Appearance:** JURISDICTION: WAIVER. An objection to the jurisdiction of the court over the person of the defendant is waived by joining with it an objection to the jurisdiction over the subject-matter.

2. **Receivers:** OBJECTION TO JURISDICTION. An objection to jurisdiction over the person is personal to the defendant, and cannot ordinarily be urged by an intervener.

3. ———: PERMISSION TO SUE. A foreign receiver may be given permission to sue in the courts of this state.

4. ———: PARTIES. A foreign receiver is a proper party plaintiff in a proceeding for the appointment of an ancillary receiver in this state.

5. ———: ANCILLARY RECEIVERS. An appointment of a receiver is an ancillary and provisional remedy, and, ordinarily, will not be made upon an original application, except in aid of the relief sought in the main case upon which it is dependent; but, where a general receiver for a corporation has been appointed by a court of the state of its domicile, having jurisdiction, the courts of this state may, in the exercise of proper discretion, appoint ancillary receivers in aid of the court of primary jurisdiction.

6. ———: ———. The pendency of a cause in a foreign state, in which a receiver has been appointed, is sufficient to authorize the appointment of an ancillary receiver in this state.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*Fay H. Pollock,* for appellant.

*Congdon & Finlayson* and *William Ritchie, Jr., contra.*

Heard before MORRISSEY, C. J., ROSE, DAY, GOOD and THOMPSON, JJ., and REDICK, DISTRICT JUDGE.

PER CURIAM.

Eugene L. Bodge was duly appointed receiver of the Skinner Packing Company, a Maine corporation, by the courts of that state. He subsequently brought this action in the district court for Douglas county and prayed for the appointment of an ancillary receiver for the assets of the corporation located in Nebraska. In his petition he alleged that, by virtue of his appointment by the courts of Maine as receiver of the defendant corporation, he was authorized to bring actions in other states for the appointment of ancillary receivers, and alleges that the corporation was insolvent and threatened with numerous suits by stockholders, creditors and others. Defendant corporation entered a voluntary appearance, waived notice, admitted the allegations of plaintiff's petition, and joined in plaintiff's prayer for the appointment of an ancillary receiver. An ancillary receiver was thereupon appointed on December 28, 1923.

On January 25, 1924, one Lydick, a stockholder in defendant corporation, filed a petition of intervention and a demurrer on behalf of himself and all others similarly situated, by which he attacked the validity of the appointment of the ancillary receiver. He alleged that the Maine court had no jurisdiction to appoint a receiver, and therefore the Nebraska courts had no authority to appoint an ancillary receiver. He prayed that the appointment of the receiver in Nebraska be vacated and the cause dismissed.

The record shows that defendant corporation was organized in the state of Maine; that the corporation had been financed by the sale of corporate stock and was the owner of a valuable packing and cold-storage plant in the city of Omaha, Nebraska; but the corporation was unable to meet its obligations, and was temporarily insolvent, and was threatened with many suits based upon alleged fraudulent representations in the sale of its capital stock.

It appears that prior to the application to the courts of Maine for the appointment of a receiver, by two officers of the corporation, a receiver had been appointed by the federal district court for Nebraska, and such receiver was then in possession of the property of defendant corporation. The record also shows that the application for the appointment of a receiver that was made in Maine was for the purpose of conserving the assets of the corporation outside of Nebraska, and that the ancillary proceedings herein involved were brought after the discharge of the receiver appointed by the federal court and in pursuance of the authority and direction of a supplemental decree of the Maine court.

The trial court found that Lydick had the right to intervene and be heard in the premises, but that his petition of intervention was without merit, overruled his demurrer and dismissed his petition of intervention.

The intervener, as appellant in this court, makes a number of assignments of error which may be reduced to four propositions which will be considered.

1. The Maine court was without jurisdiction to appoint a receiver. Assuming that intervener may raise this question, the point is not well taken, as it appears from the record that the statutes of that state specifically authorize such action in cases of domestic corporations (Rev. St., ch. 51, secs. 82 and 83) and the decree of that court must be given full faith and credit. *Sands v. Greeley & Co.*, 88 Fed. 130.

2. The district court for Douglas county had no jurisdiction over the person of Skinner Packing Company. With this was joined an objection to the jurisdiction over the subject-matter. The company by its president and attorney entered a voluntary appearance in that court, and the principal point here is that, a receiver having been appointed in Maine and an injunction issued prohibiting the corporation and its agents from exercising corporate franchises and privileges, the subsequent election of Campbell as president and his voluntary appearance for the corporation were void. Whether either of these acts constituted an exercise

of corporate franchises and privileges we need not decide, as the right to question jurisdiction of the person is personal to the corporation defendant. Moreover, by objecting to jurisdiction of the court over the subject-matter and the filing of a general demurrer, all objections to jurisdiction of the person are waived. *Summit Lumber Co. v. Cornell-Yale Co.*, 85 Neb. 468; *Lillie v. Modern Woodman of America*, 89 Neb. 1. And, again, there can be no doubt a summons issued and served upon the president or other chief officer of defendant would have invested the court with jurisdiction of the person, and we perceive no good reason to attribute less efficacy to a voluntary appearance and answer.

3. The receiver appointed by the Maine court has no capacity to sue. No doubt the general rule is that the authority of a general receiver, to whom title to the assets of a corporation has not been transferred, has no authority, as such, beyond the jurisdiction of the court appointing him; but it is quite generally held that, with the consent of the courts of a foreign jurisdiction, he may sue or defend, and especially in actions for the appointment of ancillary receivers to assist in carrying out the decree of the court appointing him. *Shinney v. North American Savings, Loan & Bldg. Co.*, 97 Fed. 9; *Buswell v. Order of the Iron Hall*, 161 Mass. 224; *Bidlack v. Mason*, 26 N. J. Eq. 230; *Ward v. Foulkrod*, 264 Fed. 627. The only case brought to our attention as holding the contrary, *Mabon v. Ongley Electric Co.*, 156 N. Y. 196, is not in point. The appointment was refused in that case as unnecessary, as the foreign receiver had full authority to sue in New York.

4. The principal contention of intervener is that the district court had no jurisdiction to appoint a receiver. He says: "Except where statutes provide otherwise, receivership is a purely ancillary remedy, and a receiver is only appointed as an incident to the principal relief sought."

That ordinarily the appointment of a receiver is an ancillary remedy, for the purpose of aiding the court in the granting of appropriate relief in the main suit upon which

it is dependent, is well settled in this state. *Vila v. Grand Island Electric Light, Ice & Cold Storage Co.*, 68 Neb. 222; *Smiley v. Sioux Beet Syrup Co.*, 71 Neb. 586. But the question of the appointment of an ancillary receiver in aid of a receiver appointed by the courts of a foreign state is new in this jurisdiction. In the federal courts the practice is well established to appoint ancillary receivers in cases where a receiver has been appointed by a state court or federal court of another state or district, when the defendant corporation has property in the district in which the application is made, and which is sought to be collected and preserved, in order to aid the court of primary jurisdiction to accomplish the purposes for which the original action was brought. *Haydock v. Fisheries Co.*, 156 Fed. 988; *Sands v. Greeley & Co.*, 88 Fed. 130; *Shinney v. North American Savings, Loan & Bldg. Co.*, 97 Fed. 9; *Williams v. Hintermeister*, 26 Fed. 889; *Ward v. Foulkrod*, 264 Fed. 627; *Lewis v. American Naval Stores Co.*, 119 Fed. 391. The same doctrine has been established in a number of states. *National Trust Co. v. Miller*, 33 N. J. Eq. 155; *Scaife v. Scammon Investment & Savings Ass'n*, 71 Kan. 402; *Irwin v. Granite State Provident Ass'n*, 56 N. J. Eq. 244; *Evans v. Pease*, 21 R. I. 187.

The petition in this case asked only for the appointment of an ancillary receiver, and therefore cases discussing the jurisdiction of the court to appoint receivers upon an original application therefor are not controlling. However, it is insisted that there must be a main case pending in aid of which this appointment is sought, and this may be conceded; but, so far as this point is concerned, it seems from all the cases above cited that the courts considered the pendency of appropriate proceedings in the foreign court as meeting this requirement, and it was expressly so stated in *Scaife v. Scammon Investment & Savings Ass'n*, 71 Kan. 402.

Finally, it being conceded that a foreign receiver has no standing in courts of another state, the doctrine of comity would seem to require either that such authority be granted,

46 · NEBRASKA REPORTS. [VOL. 115

or that the other state appoint its own receiver in aid of the court of primary jurisdiction, as otherwise it would be practically impossible to properly adjust the affairs of an insolvent corporation having property in several jurisdictions.

AFFIRMED.