NEBRASKA STATE BANK OF VALPARAISO, APPELLEE, V.
CITIZENS STATE BANK OF THEDFORD ET AL.,
APPELLANTS.

FILED FEBRUARY 10, 1932.   No. 27609.

*I. D. Evans, Squires, Johnson & Johnson, Stevens & Stevens* and *H. N. Mattley,* for appellants.

*George I. Craven* and *Joe F. Berggren, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ., and HORTH, District Judge.

HORTH, District Judge.

The plaintiff, appellee herein, commenced this action in the district court for Furnas county, Nebraska, seeking to recover from the defendants, Otto J. May, a resident of Furnas county, Nebraska, Citizens State Bank of Thedford, Nebraska, and J. H. Figard, a resident of Thomas county, Nebraska, appellants herein, the value of nineteen registered white face cattle, upon which plaintiff claimed a mortgage lien under a mortgage, or mortgages, given by the defendant Otto J. May, then a resident of Lancaster county, Nebraska, to the Farmers State Bank of Agnew, Nebraska, and by it assigned to the plaintiff, and which cattle plaintiff charges the defendant Citizens State Bank unlawfully converted to its own use, and that the other defendants conspired with said Citizens State Bank in bringing about such conversion.

A trial was had to the court and a jury resulting in a verdict and judgment in favor of the plaintiff, from which the defendants appeal, setting forth numerous assignments of error, including those herein discussed. Any assignments of error not discussed are either not well taken, or, if well taken, their determination has become unnecessary by reason of the conclusions here reached.

The transcript discloses that the defendant Otto J. May was served with summons in Furnas county, Nebraska, and the defendants Citizens State Bank and J. H. Figard were served with summons in Thomas county, Nebraska. The defendants Citizens State Bank and J. H. Figard joined in filing a special appearance objecting to the jurisdiction of the court over their persons for the reason that they were both residents of Thomas county, Nebraska, and that their codefendant, Otto J. May, was a resident of Furnas county, Nebraska, and that no issuable controversy existed between the plaintiff and the defendant May, and that said Otto J. May was not a necessary or proper party to this action and was named as such for the sole purpose of obtaining service upon the defendants Citizens State Bank and J. H. Figard; and to such special appearance is at-

tached certain exhibits disclosing that said defendant Otto J. May had been discharged in bankruptcy from the indebtedness for which the mortgages covering the cattle claimed to have been unlawfully converted by the defendants were given to secure. The special appearance was overruled. Thereupon the defendant Citizens State Bank interposed a general demurrer to plaintiff's petition, and, this being overruled, filed its answer, in effect a general denial of the allegations of plaintiff's petition, coupled with an endeavor to preserve its rights under its special appearance, and in so doing used the following language:

"Not waiving its special appearance heretofore filed herein, but all the while insisting upon the same, and alleging that this Honorable Court has no jurisdiction over the person of this answering defendant, *or the subject-matter of this action.*"

The answer of the defendant J. H. Figard denies the allegations of plaintiff's petition and pleads the statute of limitations. This answer makes no mention of the special appearance in which he joined. The answer of the defendant Otto J. May is a general denial of the allegations of plaintiff's petition, and a plea of his discharge in bankruptcy.

1. The defendant, Citizens State Bank assigns as error the overruling of its special appearance.

By the pronouncement in *Gaines v. Warrick*, 113 Neb. 235, this court is committed to the doctrine that "If the lack of jurisdiction over the person of the defendant does or does not appear on the face of the record, it may be raised by special appearance, and error, if any, committed in overruling thereof is not waived by answering over, *where the objection is pleaded in the answer.* All holdings of this court to the contrary overruled."

In *Perrine v. Knights Templar's and Masons' Life Indemnity Co.*, 71 Neb. 273, it is said: "An appearance for the purpose of objecting to the jurisdiction of the court of the subject-matter of the action, whether by motion or formal pleading, is a waiver of all objections to the juris-

diction of the court over the person of the defendant, whether the defendant intended such waiver or not."

And in *Bodge v. Skinner Packing Co.*, 115 Neb. 41, it is said: "An objection to the jurisdiction of the court over the person of the defendant is waived by joining with it an objection to the jurisdiction over the subject-matter."

The present action is a transitory one, and the district court for Furnas county had jurisdiction of the subject-matter, and the defendant Citizens State Bank, having, in its answer, joined with its plea to the jurisdiction of the court over its person an objection to the jurisdiction of the court over the subject-matter of the action, thereby waived all rights under its special appearance.

2. The defendant Citizens State Bank complains of the overruling of its demurrer to plaintiff's petition, and all the defendants urge that the trial court erred in permitting plaintiff to amend its petition. The petition states a cause of action and the demurrer was rightfully overruled. The amendment to the petition did not change the issues, and there was no abuse of discretion on the part of the trial court in allowing the amendment.

3. The plea contained in the answer of the defendant Otto J. May, that prior to the commencement of the present action plaintiff had recovered a judgment against the defendant Otto J. May in the district court for Lancaster county, Nebraska, upon the promissory notes mentioned and referred to in the sixth paragraph of plaintiff's petition, and that said judgment had been satisfied and released by his discharge in bankruptcy, under an order duly entered in the district court of the United States for the district of Nebraska, states no defense to the cause of action set forth in plaintiff's petition. The judgment, satisfied by defendant May's discharge in bankruptcy, was founded upon the promissory notes, while the present action is one to recover damages for the alleged unlawful conversion of the chattels pledged, by way of mortgage, to secure the payment of such notes, and, notwithstanding the recovery of a judgment upon the promissory notes and

its subsequent release by the defendant May's discharge in bankruptcy, plaintiff is still entitled, as against the defendant May, to the benefit of the property pledged as security for the payment of the notes. In an action to recover damages for the unlawful conversion of bonds, pledged as security for the payment of a debt, and wherein the defendant pleaded his discharge in bankruptcy as a defense, the supreme court of the United States, in *McIntyre v. Kavanaugh,* 242 U. S. 138, said:

" 'A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are liabilities for obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another.' * * * A wilful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfully and maliciously, so as to come within the exception. * * * The circumstances disclosed suffice to show a wilful and malicious injury to property for which plaintiff in error became and remains liable to respond in damages."

The supreme court of Nebraska is bound by the construction of the federal bankruptcy laws adopted by the supreme court of the United States.

4. For the purpose of establishing the conspiracy charged in plaintiff's petition, and over the objections of the defendants Citizens State Bank of Thedford and J. H. Figard, plaintiff was permitted to introduce in evidence a large number of questions propounded to the defendant Otto J. May, and his answers made thereto on the 24th and 25th days of January, 1927, as a witness in an action pending in the district court for Lancaster county, Nebraska, which answers contained statements, declarations and admissions prejudicial to the defendants Citizens State Bank of Thedford and J. H. Figard. These questions and answers are too numerous to be set out in full in this opinion; but, for illustration, a few of the questions, the

objections interposed thereto upon the trial of this case, the rulings of the court thereon, and the answers of the witness, follow:

"By Mr. Craven: (Reading from exhibit No. 43) * * * 'In other words, that bill of sale did not mean anything, did it?'

"By Mr. Stevens: Objected to as calling for a conclusion.

"By the Court: Overruled. Defendants except.

"By Mr. Craven: (Reading from exhibit No. 43) A. 'It did not mean a thing; no, sir.' Q. 'It was to cover up?' A. 'It was to cover a deficiency judgment that Mr. Bivens got against me on the ranch.' Q. 'And the Citizens State Bank at Thedford knew that the bill of sale was a cover-up, didn't they?'

"By Mr. Stevens: Objected to as calling for a conclusion and not the best evidence.

"By the Court: Overruled. Defendants except.

"By Mr. Evans: And not a statement of facts.

"By the Court: Overruled. Defendants except.

"By Mr. Craven: (Reading from exhibit No. 43) A. 'Yes, sir; absolutely.' "

In *Farley v. Peebles,* 50 Neb. 723, Mr. Irvine, Commissioner, in writing the opinion, said:

"What is merely narrative of a past occurrence, or what is merely expressive of a future purpose, would not generally be so admissible; but an act performed, a declaration made, a writing made or delivered, as a part of the matter in dispute, that is, in itself tending to advance the common purpose or object of the alleged conspiracy, is neither hearsay nor merely the admission of one of the parties. It is an overt act in pursuance of the object. From such overt acts of each of the alleged conspirators the jury may, together with other evidence, infer the existence of the conspiracy itself. We are aware that it is the established rule that the acts or declarations of one of the alleged conspirators are not admissible as against the others unless the conspiracy itself be established, in which

case the act or declaration of one becomes that of all; and we are aware, also, that it has sometimes been stated that such acts or declarations are not admissible in evidence until the conspiracy itself is first *prima facie* established."

In *Zediker v. State,* 114 Neb. 292, it is held:

"Wherever the writings or words of any of the parties charged with, or implicated in, a conspiracy can be considered in the nature of an act done in furtherance of the common design, they are admissible, not only against the party himself, but against all of his coconspirators, whether present or not. Wherever the writings or words of such party amount to an admission merely of his own guilt, and cannot be deemed acts done in furtherance of the common design, they can be received in evidence only against the party making or uttering them. Held, under the facts as reflected by the record in the case, statements set forth in this opinion, testified to over objection, were the recital or narration of a past transaction merely, and were not made in furtherance of the common design."

In the body of the opinion, Justice Eberly says:

"On this subject the supreme court of the United States has laid down the following rule: 'Doubtless, in all cases of conspiracy, the act of one conspirator in the prosecution of the enterprise is considered the act of all, and is evidence against all. *United States v. Gooding,* 25 U. S. 460, 469. But only those acts and declarations are admissible, under this rule, which are done and made while the conspiracy is pending, and in furtherance of its object. After the conspiracy has come to an end, whether by success or failure, the admissions of one conspirator, by way of narrative of past facts, are not admissible in evidence against others.' *Logan v. United States,* 144 U. S. 263, 308. * * * It follows that the conversation set forth herein was a mere narration of a past event, and not forming a part of, or connected with, anything then being done in furtherance of the object of the conspiracy. It is incompetent as against the defendant who was not present, and its introduction constitutes reversible error."

The statements, declarations and admissions made by the defendant Otto J. May, while testifying as a witness in the case in Lancaster county, more than fifteen months after the unlawful conversion is alleged to have taken place, were mere narrations of past events and did not form a part of anything then being done in furtherance of the alleged conspiracy, and were incompetent evidence against the defendants Citizens State Bank and J. H. Figard, and their admission in evidence is reversible error. And again adverting to questions No. 622 and No. 624, above quoted, both call for conclusions of the witness, and the answers were mere conclusions, and were prejudicial to the rights of the defendants Citizens State Bank and J. H. Figard, as tending to mislead the jury, and for this reason, also, their admission in evidence is reversible error.

5.   Complaint is made that the court erred in submitting to the jury the question of damages for conversion, when no sufficient identification of the chattels alleged to have been converted had been established.

Concerning the cattle, claimed by plaintiff to have been wrongfully converted by the defendants, the second paragraph of plaintiff's petition, in substance, alleges that, on or about the 14th day of March, 1922, the defendant Otto J. May executed and delivered to Farmers State Bank of Agnew, Nebraska, his promissory note for $2,000, and as security therefor executed and delivered to said Farmers State Bank a chattel mortgage covering the following described property:   Four registered white face cows, about 4 years old; 5 registered white face cows, about 8 years old; 9 registered white face calves, about 1 year old; and 1 registered white face bull, 5 years old.   The mortgage here referred to was not received in evidence and, its existence being denied by the defendants Citizens State Bank and J. H. Figard, there is nothing in the record, so far as they are concerned, showing the plaintiff ever had a chattel mortgage upon the 19 registered white face cattle alleged to have been wrongfully converted by defendants.

The description of the cattle, incumbered by the two

mortgages of later date, mentioned in the third and fourth paragraphs of plaintiff's petition and introduced in evidence upon the trial as plaintiff's exhibits 19 and 20 are of no assistance in identifying the 19 registered white face cattle with the conversion of which the defendants are charged. The former, exhibit 19, describes the cattle therein mortgaged as follows: Five calves about 5 months old, red, weight 450 pounds; 5 heifers, about 1 year old, red, weight about 900 pounds; 3 bulls, about 1 year old, red, weight about 900 pounds; 2 heifers, about 2 years old, red, weight about 1,100 pounds; 9 cows, 6 to 10 years old, red, weight about 1,400 pounds; and 1 bull, about 5 years old, red, weight about 1,700 pounds; and the latter, exhibit 20, describes the cattle therein mortgaged as follows: Eight cows, 7 to 12 years old, spotted, weight 1,400 pounds each; 2 cows, 4 years old, spotted, weight 1,100 pounds; 5 cows, age 3 years, spotted, weight 900 pounds; 2 heifers, 1 year old, spotted, weight 500 pounds; 2 bulls, 1 year old, weight 500 pounds; one bull, 8 years old, weight 1,600 pounds; 5 heifers coming yearlings and 3 bulls coming yearlings. There is nothing in these two mortgages that would enable a third person, aided by inquiries which the mortgages themselves suggest, to identify the cattle therein described as being the 19 registered white face cattle for the conversion of which plaintiff here seeks a recovery. This conclusion, together with the finding that the testimony of the defendant May, given upon the trial of the case in Lancaster county and introduced in evidence upon the trial of this case, is incompetent as against the defendants Citizens State Bank and J. H. Figard, leaves the record barren of any competent evidence identifying the cattle alleged to have been converted, or connecting the defendants Citizens State Bank and J. H. Figard, or either of them, with their conversion, or establishing the conspiracy charged in plaintiff's petition.

For the errors herein mentioned, the judgment of the district court must be reversed as to all the defendants, and in so doing we are not unmindful of the rule of law

that, where several defendants are proceeded against as conspirators in the commission of a tort, which would be actionable if committed by one alone, the damage done and not the wrongful confederation is the gist of the action, and a judgment against one or more of the defendants may be sustained without proof of the conspiracy. With all of his statements and admissions construed most strongly against him, the evidence does not connect the defendant May with the conversion alleged in plaintiff's petition.

REVERSED AND REMANDED.