STATE, EX REL. PAUL F. GOOD, ATTORNEY GENERAL, APPELLANT, V. NATIONAL OLD LINE LIFE INSURANCE COMPANY, APPELLANT: M. L. DONOVAN, INTERVENER, APPELLEE.

FILED JULY 12, 1935. No. 29467.

*Sterling F. Mutz* and *Robert S. Stauffer,* for appellants.

*L. R. Doyle, W. W. Wenstrand* and *M. L. Donovan,* contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY and CARTER, JJ., and REDICK, District Judge.

DAY, J.

This is a proceeding in the nature of intervention in the receivership of the National Old Line Life Insurance Company and the Indemnity Company of America. The controversy arose over the discharge by the receiver of an attorney. The trial court ordered the attorney reinstated.

M. L. Donovan represented a client who was the owner of some "contractual notes" of the National Old Line Life Insurance Company and had filed an action on her behalf against the company and Rees Wilkinson, the president. The Indemnity Company of America was another Wilkinson company and was closely connected with the National company by his management and control. In his work for his client, Donovan discovered evidence of irregularities in the affairs of Wilkinson and these two insurance companies. This information he communicated to the insurance department of the state of Nebraska. Acting largely upon the information furnished by Donovan, the department refused to renew the companies' permits to operate. The insurance department requested the attorney general to file suits against the companies that a receiver might be appointed to liquidate the companies. The district court for Lancaster county, in these cases in which Donovan intervened, appointed the state department of insurance as receiver. The department appointed Fred E. Mockett as its liquidating agent. April 18, 1934, the de-

partment appointed Donovan attorney for the receiver, notice of which was given in the following letter:

"Dear Mr. Donovan:

"This is to inform you that you have been appointed attorney for Mr. Fred Mockett, special agent in charge of the liquidation of the National Old Line Life Insurance Company of Lincoln, Nebraska. * * * I must advise you as I did before, that you will have to look for your fees to such assets as you can find belonging to these two companies.

"Very truly yours,
"(Signed) Lee Herdman
"Director of Insurance."

Donovan immediately began to work for the liquidating agent of the receiver. Thereafter, on April 26, 1934, his appointment was revoked by the following letter from the department:

"Dear Mr. Donovan:

"I regret very much that I must advise you that your appointment as attorney for the special agent in the matter of the liquidation of the Rees Wilkinson companies has been revoked.

"The pressure from Lincoln lawyers and Wilkinson's mother has been too great to withstand.

"I will be in Omaha Saturday and will endeavor to see you.

"Respectfully yours,
"(Signed) Lee Herdman
"Director of Insurance."

On September 18, 1934, Donovan filed his petition of intervention in this case for the purpose of securing an order from the court reinstating him as attorney for the receiver. The court, having jurisdiction of the receivership, ordered Donovan reinstated.

The state department of insurance was appointed receiver of these insurance companies under authority of section 44-204, Comp. St. 1929. This provides for a judicial receivership. Similar statutes provided for the liquidation

of insolvent banks and that the secretary of the department of trade and commerce should be the sole receiver of such banks. In *State v. State Bank of Minatare,* 123 Neb. 109, this court held: "Where liquidation of an insolvent state bank is conducted in a court of equity pursuant to law, the proceeding is judicial and not executive." This same rule is pertinent to the liquidation of an insurance company under the statutes applicable.

Furthermore, subsection 4, sec. 44-204, Comp. St. 1929, purports to give the department of trade and commerce the power to employ such counsel as shall be deemed necessary. The language of the section provides for judicial approval of compensation and expenses. It also provides for judicial approval of rules and regulations made by the department for liquidating an insurance company. This confirms us in our opinion that the legislature provided for a judicial receivership.

In such a case, the department of insurance becomes for the purpose of the liquidation in a particular case an arm of the court, and, as such, it is subject to the orders of the court and not to the governor or the legislature. In *State v. Nebraska State Bank,* 124 Neb. 449, this court considered the nature of a judicial receivership. See, also, *State v. State Bank of Minatare,* 123 Neb. 109. The property and assets of an insurance company in the process of liquidation, like a bank, are trust funds for the payment of debts.

The attorney for the receiver in such a case is not a subordinate employee of the department of insurance subject to appointment and removal by the head of the department or by the governor, under the provisions of section 1, art. IV of the Constitution. He was an employee of the receiver, an agency of the court. Neither the legislature nor the governor has the right to dictate whom the court shall appoint as its referee or assistants. *In re Supreme Court Commissioners,* 100 Neb. 426. Ordinarily, a court will not interfere with the discretion of its receiver as regards employees necessary for the purpose of the receivership,

unless an abuse is shown. High, Receivers (4th ed.) sec. 175.

In the instant case, the receiver at the suggestion of the governor replaced Donovan as its attorney by another. At the time, Donovan had been performing services for the receiver for more than a week. There is no question that his professional ability and experience and personal character qualified him to perform these services. No proper reason was given for his discharge. The trial court after a hearing ordered that he be restored as attorney for the receiver. Upon the court devolves the final responsibility for the conduct of the receivership. The order of the trial court relative to the replacement of an attorney for its receiver will not be disturbed, unless an abuse of discretion is shown. *Adler v. Seaman,* 266 Fed. 828. No such abuse of discretion is revealed by the record in this case. The important consideration is the efficient management of the liquidation of the assets of the company for the benefit of all the creditors. Other considerations mentioned in the argument and reflected by the record are not worthy of notice by a court of equity.

AFFIRMED.