STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, APPELLEE, V. HOSKINS STATE BANK: E. H. LUIKART, RECEIVER, APPELLANT.

273 N. W. 834

FILED JUNE 11, 1937.  No. 29941.

*F. C. Radke,* for appellant.

*William H. Wright, Attorney General,* and *Robert R. Moodie, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOSS, C. J.

This is an appeal from a decree removing E. H. Luikart as judicial receiver of the Hoskins State Bank and appointing the Department of Banking of the state of Nebraska as receiver in his stead.

The main suit was begun by the filing of the petition for receivership December 17, 1931, and Luikart was appointed by the district court for Wayne county judicial receiver of the bank on December 24, 1931, under the then existing provisions of section 8-192, Comp. St. 1929, he being the then secretary of the Department of Trade and Commerce. On May 9, 1933, Senate File No. 263, passed by the 1933 legislature, became effective. Laws 1933, ch. 18. It created the Department of Banking, superseding the Department of Trade and Commerce, and named its chief officer as the Superintendent of Banks. It undertook to create a system of administrative receivership and liquidation of insolvent state banks by the Department of Banking as Receiver and Liquidating Agent, not subject to judicial control by the district courts.

E. H. Luikart held the office of Superintendent of Banks under the new act until January 3, 1935, on which date B. N. Saunders succeeded him as such officer and held the office at the time of filing the present petition praying for the discharge of E. H. Luikart as judicial receiver of the Hoskins State Bank and that the Department of Banking be appointed as receiver in his place. Since January 3, 1935, Luikart has not been an employee of the banking department. He filed objections to the application of the attorney general for his removal. Simon Strate and five others intervened and filed a petition of intervention. They claim to be a depositors' committee representing all creditors and acting in an advisory capacity to the receiver and

to the court in the liquidation. They resisted the application on the ground of the unnecessary expense, alleging that the final liquidation was near at hand.

Upon consideration of the pleadings and the evidence the district court, in an order made February 25, 1936, removed E. H. Luikart as receiver and appointed the Department of Banking in his stead, directing Luikart to deliver to the department all assets, records, files and papers in his custody as such receiver. Strate and his associates filed no motion for a new trial, filed no bond of any sort and did not appeal. Luikart appealed and is the sole appellant.

It is fundamental that the power of appointment and removal of judicial receivers ordinarily rests in the sound discretion of the district court. *Cressman v. Bonham,* 129 Neb. 201, 260 N. W. 818; *Howell v. Poff,* 122 Neb. 793, 241 N. W. 548; *Duffy v. Omaha Merchants Express & Transfer Co.,* 127 Neb. 273, 255 N. W. 1; *State v. State Bank of Minatare,* 123 Neb. 109, 242 N. W. 278. So, there appearing no valid claim that the trial court abused sound judicial discretion in removing Luikart as judicial receiver, no proper ground for reversal exists in the fact that the court removed him. If and when an eligible successor is appointed it will be Luikart's duty to turn over to that successor the assets, records, files and papers in his hands as receiver.

This leads us to the next inquiry, which is whether Luikart has any right of appeal remaining in the action. Logically it follows from an acceptance of the previous point that he has no right to name his successor. But the court, in the very same paragraph of the judgment in which Luikart was removed, named as his successor the Department of Banking, and in the same order Luikart was directed to deliver to that successor all assets, records, files and papers in his custody as receiver. Luikart asserts that the Department of Banking is not such a legal entity or person as is capable of being a judicial receiver, and that he has a right of appeal to test that question. It seems

reasonable that he ought not to be compelled to deliver valuable assets to a successor lacking the qualities necessary to be a judicial receiver, but that he should have the right to withhold such delivery until an eligible successor is appointed; and, in the meantime, to test by and on appeal that question presented. He claims that the appointment of the Department of Banking as a judicial receiver is no appointment at all—that it is a nullity.

It would seem that to make valid the appointment of an entity other than a natural person as a judicial receiver, such entity must be legally qualified by statute to be so appointed. This principle was involved in *Redell v. Moores,* 63 Neb. 219, 88 N. W. 243, wherein it was said: "So far as a city is concerned, considered in the character of an artificial being, it is a creature of the legislature. It can have no rights save those bestowed upon it by its creator."

Has the Department of Banking been clothed with the power by the legislature to be eligible for appointment by a court as a judicial receiver? In *State v. State Bank of Minatare, supra,* it was said in the argument: "No doubt the legislature has power to create an executive or administrative board with power to liquidate the affairs of insolvent state banks independently of the judiciary, but legislation of that kind has not been enacted in Nebraska." Perhaps, as a sequel to this opinion, adopted April 16, 1932, the 1933 legislature passed an act known as Senate File No. 263, greatly amending the banking laws. Among them former section 8-192, Comp. St. 1929, was amended to read as follows: "The Department of Banking is hereby designated the Receiver and Liquidating Agent of failed or insolvent banks." Laws 1933, ch. 18, sec. 52; Comp. St. Supp. 1933, sec. 8-192. The act further contains provisions to make the administrative receivership effective so far as it goes and is able to go without evoking the aid of the courts. When that occurs it is in such respect amenable to equity rules. The record shows that it has been used in many instances. The diligence of counsel and our own search disclose nothing in this act or elsewhere in the

statutes showing that the Department of Banking is a legal entity capable of being appointed a judicial receiver. Nowhere do the statutes so declare. Formerly the secretary of the Department of Trade and Commerce *as a person* was the receiver. Comp. St. 1929, sec. 8-192. When in 1933 Senate File No. 263 changed the name to the Department of Banking and its chief administrator to Superintendent of Banks, it amended the section as heretofore quoted.

Lacking the quality of being a person or of being a legal entity authorized by the statute, we are of the opinion the trial court erred in appointing the Department of Banking as the judicial receiver of the bank under consideration.

Plaintiff cites as authoritatively analagous the case of *State v. National Old Line Life Ins. Co.*, 129 Neb. 473, 261 N. W. 902, wherein the Department of Insurance was appointed as receiver for the purposes of liquidation under section 44-204, Comp. St. 1929. The section is very different. Whether it does or does not authorize a district court to appoint the state Department of Insurance as a judicial receiver was not an issue and was therefore not discussed in the opinion in that case. The controversy there was over the right of the department or the governor to discharge an attorney and was raised by his petition of intervention seeking to prevent that discharge. The interest of all parties was adverse to any move to raise the question of the eligibility of a receiver already appointed and so the issue was not raised and nowhere appears in the record or in the opinion.

The judgment of the district court, in so far as it appoints the Department of Banking receiver and orders Luikart, as receiver, to attorn to it, is

REVERSED.