O'NEILL PRODUCTION CREDIT ASSOCIATION, APPELLEE, v. PUTNAM RANCHES, INC., ET AL., APPELLANTS.

251 N. W. 2d 884

Filed March 30, 1977. No. 40873.

M. J. Bruckner of Marti, Dalton, Bruckner, O'Gara & Keating, for appellants.

Cronin & Hannon & Deutsch, Jewell, Otte, Gatz, Collins & Domina, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

This is an appeal from the appointment of a receiver. The plaintiff, O'Neill Production Credit Association, initiated a mortgage foreclosure action against the defendant, Putnam Ranches, Inc. Pending a final determination of the foreclosure action, the plaintiff made application to the District Court for a receiver. On April 28, 1976, the District Court found that the statutory grounds for the appointment of a receiver existed, and appointed a receiver. The defendant filed a motion for a new trial, which was overruled, and now appeals. We affirm the judgment of the District Court.

On appeal, the defendant contends that the District Court erred in appointing a receiver. Section 25-1081, R. R. S. 1943, provides as follows: "A receiver may be appointed by the Supreme Court or the district court or by the judge of either * * * (2) in an action for the foreclosure of a mortgage, when the mortgaged property is in danger of being lost, removed, or materially injured, or is probably insufficient to discharge the mortgage debt; * * * (5) in all other cases where receivers have heretofore been appointed by the usages of courts of equity."

The evidence before the District Court was as follows: The defendant is indebted to the plaintiff, due to various mortgages and security agreements, in the approximate amount of $2,500,000. Interest due the plaintiff as of April 1, 1976, was $125,980.38, and

is accruing thereafter at a rate of $617 per day. The defendant corporation's real property and personal property taxes are in arrears with a resulting tax lien on the defendant's property in the amount of $54,001.83, plus interest and other expenses. Additionally, there exists an unsatisfied judgment against the defendant in the amount of $83,899.14, plus interest.

While the defendant's real estate and personal property was valued in excess of the combined liabilities of the defendant corporation, the corporation lacked sufficient operating capital and was unable to meet its obligations in the ordinary course of business. William Putnam, president of the defendant corporation, testified that the defendant corporation was without any capital to repair its fences, operate its farms and ranches, care for its cattle, and feed its livestock. He testified that he personally was supplying funds to the corporation to enable it to carry on its necessary operations.

"It is fundamental that the power of appointment and removal of judicial receivers ordinarily rests in the sound discretion of the district court." State ex rel. Sorensen v. Hoskins State Bank, 132 Neb. 878, 273 N. W. 834 (1937). "The request for the appointment of a receiver is addressed to the sound, equitable discretion of the court, and its ruling thereon will not be reversed on appeal unless an abuse of discretion is shown." Cressman v. Bonham, 129 Neb. 201, 260 N. W. 818 (1935). See, also, Howell v. Poff, 122 Neb. 793, 291 N. W. 548 (1932); Duffy v. Omaha Merchants Express & Transfer Co., 127 Neb. 273, 255 N. W. 1 (1934); State ex rel. Sorensen v. State Bank of Minatare, 123 Neb. 109, 242 N. W. 278 (1932).

It is apparent from the foregoing review of the evidence before the District Court that, under the circumstances, there was no abuse of discretion in the appointment of a receiver by the District Court.

We have examined the other contentions raised by

the defendant and find them to be without merit.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.