Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/14/2022 08:08 AM CDT

Beverly J. Seid, appellee, v.
Rita J. Seid and Judy L.
Ramer, appellants.

___ N.W.2d ___

Filed December 17, 2021.    No. S-21-205.

1. **Appeal and Error.** An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.

2. **Courts: Receivers: Appeal and Error.** The request for the appointment of a receiver is addressed to the sound, equitable discretion of the court, and its ruling thereon will not be reversed on appeal unless an abuse of discretion is shown.

3. **Receivers: Judgments: Appeal and Error.** An order giving directions to a receiver will not be disturbed on review in the absence of an abuse of discretion.

4. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

5. **Courts: Receivers.** Ordinarily the appointment of a receiver is an ancillary remedy, for the purpose of aiding the court in the granting of appropriate relief in the main suit upon which it is dependent.

6. **Courts: Equity: Receivers: Property.** A receivership serves to assist the court in safeguarding assets, suitably administering property, and achieving a final, equitable distribution of assets, accomplishing complete justice, as far as practicable, for the parties before the court.

7. **Courts: Receivers.** The purpose of a receivership is to carry out the orders of the court.

8. **Receivers: Property.** A receivership receives and preserves the property or fund in litigation, and it preserves and properly disposes of the subject of litigation.

9. **Receivers.** A receivership will not be permitted to continue indefinitely.

10. **Receivers: Property.** Whenever the reason or necessity for a receivership ceases to exist, the property should be discharged therefrom although the mere coming into existence of this state of things does not ipso facto discharge the receiver.

11. **Courts: Receivers.** A receivership may be terminated only by an order of the court, and a receivership should be closed and terminated without unnecessary delay.

12. **Courts: Equity: Receivers.** Courts of equity have original power to appoint receivers and to make such orders and decrees with respect to the discharge of their trust as justice and equity may require.

13. **Constitutional Law: Legislature: Receivers.** Because the Legislature incorporated the district court's inherent constitutional power to appoint receivers into Neb. Rev. Stat. § 25-1081(8) (Reissue 2016), that subsection is declaratory of a power already existing under the constitution.

14. **Receivers: Final Orders.** An order appointing a receiver is a final, appealable order.

15. **Final Orders: Time: Appeal and Error.** Pursuant to Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2020), an appeal must be filed within 30 days of the final order from which an appeal is taken.

16. **Jurisdiction: Final Orders: Time: Appeal and Error.** Where a notice of appeal is not filed within 30 days after the entry of a final order, an appellate court obtains no jurisdiction to hear an appeal from that order, and an attempt to appeal from that order must be dismissed.

17. **Appeal and Error.** A lower court cannot commit error in resolving an issue never presented and submitted to it for disposition.

18. **Equity.** Equity looks through form to substance. Thus, a court of equity goes to the root of the matter and is not deterred by form.

19. **Appeal and Error.** A party cannot complain of error which the party has invited the court to commit.

Appeal from the District Court for Richardson County: Julie D. Smith, Judge. Affirmed and remanded for further proceedings.

Angelo M. Ligouri, of Ligouri Law Office, for appellants.

Steven J. Mercure and Lindy L. Mahoney, of Nestor & Mercure, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

Rita J. Seid and Judy L. Ramer (Judy), a testator's children, appeal from a district court's order that instructed a receiver to continue its management of agricultural land, in which they each held fractional life estates along with Beverly J. Seid, the testator's surviving spouse. They assert the court erred or abused its discretion by "appointing a [r]eceiver for 2021." The court's order did not "appoint" a receiver; it simply provided further instructions to the one who was previously appointed. It is too late to attack the receiver's appointment in 2019. We affirm the order and remand the cause for further proceedings.

## BACKGROUND

Beverly, Rita, and Judy possess fractional life estates, one third each, in agricultural land (the land). After Beverly could not agree with Rita and Judy regarding the management of the land, Beverly filed in May 2019 a "Complaint for Accounting, Disbursement of Income and Appointment of Receiver." Beverly alleged that she had not received payment for her share of the income derived from the land in 2018 or any related documentation of income, expenses, and assets. Beverly demanded she receive the aforementioned payment and documentation.

Beverly also moved that "a [r]eceiver be appointed for the purpose of entering into farm lease agreements with any perspective [sic] tenants for 2019 in order to generate income during the pendency of these proceedings." The court originally overruled Beverly's motion, but after ineffective mediation, the court in December 2019 appointed a receiver. The court ordered:

> The Court finds that [the receiver] should be, and hereby is appointed, as receiver for the purpose of soliciting bids for cash rent and entering into any farm lease agreements with tenants for 2020. [Beverly's] Motion to reconsider appointment of a receiver, filed on October 16, 2019 is granted.

In March 2020, Rita and Judy moved the court to order the parties to equally contribute funds for the maintenance and repair of the land for "necessary dirt work" to ensure it remains suitable for farming. The court overruled the motion, finding "the evidence before the Court does not prove that failure to perform the conservation and dirt work [in 2020] would do lasting damage, diminish the value of the inheritance, or cause a permanent loss to the remainderpersons." (Emphasis omitted.)

The receiver apparently performed his duties, and in December 2020, he filed a "Motion to Make Final Disbursements and Pay Expenses 2020" and also a "Motion for Instructions," requesting further instructions regarding his management of the land for the 2021 farm year. The court announced that it planned on granting the receiver's motion for final distribution, but the court did not discharge the receiver. The record does not include an order granting the motion.

The court held a hearing in February 2021 regarding the receiver's motion for instructions. Rita and Judy opposed the receiver's motion, arguing, "That [May 2019] complaint [had] completely been resolved. Any relief requested, anything within that complaint is all done." The record does not show that Rita and Judy ever moved the court to discharge the receiver or otherwise sought a final order or judgment to dispose of the pending complaint. Nor does the record include any such final order or judgment.

At the same hearing in February 2021, Rita and Judy orally renewed their March 2020 motion for the maintenance and repair of the land. Rita and Judy supported their request with affidavits stating that the land's terraces and water lines were in disrepair. Beverly opposed Rita and Judy's request, arguing that they would be self-dealing because Rita's husband would be performing the repairs.

During the hearing, the court inquired into whether the relief requested in Beverly's May 2019 complaint had been resolved. The court asked whether Beverly had received "the

money that was owed to her from 2018[?]" Beverly's counsel confirmed that she had received "moneys," but stated that Beverly was "still in the process of evaluating all of the documents that were submitted."

On the same date as the hearing, the court ordered:

> The Receiver shall solicit bids and enter into any farm lease agreements for 2021 in a similar manner as he did in 2020. Cash rent shall be paid up front.
>
> . . . .
>
> . . . The Court orders the Receiver to investigate to determine whether failure to perform the requested maintenance would do lasting damage, diminish the value of the inheritance, or cause a permanent loss to the remainderpersons. . . . The Receiver shall report back to the [c]ourt within sixty (60) days.

The record does not include a responsive report from the receiver, but 28 days after the court's order, Rita and Judy filed an appeal from the order instructing the receiver. We moved the appeal to our docket.[1]

## ASSIGNMENTS OF ERROR

Rita and Judy assert six assignments of error, five of which characterize that the district court "appoint[ed] a [r]eceiver for 2021." These five assign that the court did so "without either party requesting the appointment," "without deciding that a [r]eceiver was needed or necessary," and "without considering the evidence in affidavits presented by [Rita and Judy]"; that the "appointment" was "unjust, inequitable and cannot be reached as a matter of law"; and an abuse of discretion as "contrary to Nebraska [l]aw." The sixth assignment asserts that the court's order was "not requested within [Beverly's] [c]omplaint" and thus was an abuse of discretion.

[1] An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error

---

[1] Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2020).

to be considered by an appellate court.[2] We address only those issues both assigned as error and argued by Rita and Judy.

## STANDARD OF REVIEW

[2-4] The request for the appointment of a receiver is addressed to the sound, equitable discretion of the court, and its ruling thereon will not be reversed on appeal unless an abuse of discretion is shown.[3] Similarly, an order giving directions to a receiver will not be disturbed on review in the absence of an abuse of discretion.[4] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[5]

## ANALYSIS

### Receivership Principles

[5-8] Ordinarily the appointment of a receiver is an ancillary remedy, for the purpose of aiding the court in the granting of appropriate relief in the main suit upon which it is dependent.[6] A receivership serves to assist the court in safeguarding assets, suitably administering property, and achieving a final, equitable distribution of assets, accomplishing complete justice, as far as practicable, for the parties before the court.[7] Its purpose is to carry out the orders of the court.[8] A receivership receives and preserves the property or fund in

---

[2] *AVG Partners I v. Genesis Health Clubs*, 307 Neb. 47, 948 N.W.2d 212 (2020).

[3] *O'Neill Production Credit Assn. v. Putnam Ranches, Inc.*, 198 Neb. 145, 251 N.W.2d 884 (1977).

[4] *Priesner v. Starry*, 300 Neb. 81, 912 N.W.2d 249 (2018).

[5] *Id.*

[6] *Bodge v. Skinner Packing Co.*, 115 Neb. 41, 211 N.W. 203 (1926).

[7] 65 Am. Jur. 2d *Receivers* § 5 (2021).

[8] *Id.* See, also, *Dickie v. Flamme Bros.*, 251 Neb. 910, 560 N.W.2d 762 (1997).

litigation, and it preserves and properly disposes of the subject of litigation.[9]

[9-11] A receivership will not be permitted to continue indefinitely.[10] Whenever the reason or necessity for a receivership ceases to exist, the property should be discharged therefrom although the mere coming into existence of this state of things does not ipso facto discharge the receiver.[11] A receivership may be terminated only by an order of the court, and a receivership should be closed and terminated without unnecessary delay.[12]

The Nebraska Legislature has prescribed a process by which a district court may appoint and instruct a receiver. A statute authorizes appointment of a receiver by a district court

> in an action . . . by a creditor to subject any property or fund to his or her claim, or between . . . others jointly owning or interested in any property or fund on the application of any party to the suit when the property or fund is in danger of being lost, removed, or materially injured."[13]

Another statute dictates, "Every order appointing a receiver shall contain special directions in respect to his powers and duties, and . . . such further directions may be made in that behalf by the court or judge as may in the further progress of the cause become proper."[14]

[12,13] We pause to reconcile seemingly inconsistent case law regarding the source of a district court's power to appoint a receiver. In *Floral Lawns Memorial Gardens Assn. v.*

---

[9] See 65 Am. Jur. 2d, *supra* note 7. See, also, *Vila v. Grand Island Electric Light, Ice & Cold Storage Co.*, 68 Neb. 222, 97 N.W. 613 (1903).

[10] 75 C.J.S. *Receivers* § 79 (2013).

[11] *Id.*

[12] *Id.* See, also, *State, ex rel. Sorensen, v. Hoskins State Bank*, 132 Neb. 878, 273 N.W. 834 (1937); 21A Am. Jur. Pl. & Pr. Forms *Receivers* § 392 (2012).

[13] Neb. Rev. Stat. § 25-1081(1) (Reissue 2016).

[14] Neb. Rev. Stat. § 25-1087 (Reissue 2016).

*Becker*,[15] we stated that "a court's ability to appoint a receiver is governed by statute. The court can appoint a receiver only in specific situations . . . ." On the other hand, in *State, ex rel. Sorensen, v. Nebraska State Bank*,[16] we explained that the Nebraska Constitution conferred the power to appoint a receiver upon district courts.[17] We reaffirmed that a district court's power to appoint a receiver is "beyond the power of the legislature to limit or control; that while the legislature may grant to the district courts such other jurisdiction as it may deem proper, it cannot limit or take from such courts their broad and general jurisdiction which the Constitution has conferred upon them."[18] Accordingly, courts of equity have original power to appoint receivers and to make such orders and decrees with respect to the discharge of their trust as justice and equity may require.[19] Because the Legislature incorporated the district court's inherent constitutional power to appoint receivers into § 25-1081(8), that subsection is declaratory of a power already existing under the constitution.[20]

Here, the district court's 2019 appointment of a receiver was premised upon § 25-1081(1). We now turn to the arguments attacking the 2021 order before us.

## Application

Rita and Judy present three arguments in support of their assignments that the court abused its discretion by "appointing a [r]eceiver for 2021." Rita and Judy argue that the court

---

[15] *Floral Lawns Memorial Gardens Assn. v. Becker*, 284 Neb. 532, 537, 822 N.W.2d 692, 697 (2012).

[16] *State, ex rel. Sorensen, v. Nebraska State Bank*, 124 Neb. 449, 247 N.W. 31 (1933).

[17] See Neb. Const. art. 5, § 9.

[18] *State, ex rel. Sorensen, v. Nebraska State Bank, supra* note 16, 124 Neb. at 454, 247 N.W. at 33.

[19] See *id.*

[20] See *Smith v. White*, 62 Neb. 56, 86 N.W. 930 (1901).

abused its discretion by appointing the receiver for 2021 because (1) neither party requested the appointment, (2) the court never determined that the receiver was needed or necessary for 2021, and (3) the court failed to consider the evidence in affidavits presented by Rita and Judy.

All three of Rita and Judy's arguments are fundamentally flawed because they are premised upon the notion that the court "appoint[ed] a [r]eceiver for 2021." It did not. The court appointed the receiver in 2019 and never discharged him—nor did Rita and Judy ever seek his discharge. There is no motion to discharge the receiver in our record. Nor does there appear any attempt by Rita and Judy to invoke any recognized procedure to dispose of the main action.

[14-16] It is now too late to attack the 2019 appointment order. An order appointing a receiver is a final, appealable order.[21] Pursuant to Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2020), an appeal must be filed within 30 days of the final order from which an appeal is taken.[22] Where a notice of appeal is not filed within 30 days after the entry of a final order, an appellate court obtains no jurisdiction to hear an appeal from that order, and an attempt to appeal from that order must be dismissed.[23] No appeal was taken from the 2019 order, and we lack jurisdiction to address its merits.

[17] The court's 2021 order did not "appoint" a receiver; it simply provided further instructions to the one who was previously appointed. During the 2021 hearing, the court asked whether Beverly had received her share of the income from the land in 2018 and related documentation—which was demanded in the complaint. Beverly's attorney responded that she had

---

[21] *Floral Lawns Memorial Gardens Assn. v. Becker, supra* note 15.

[22] *Goodman v. City of Omaha*, 274 Neb. 539, 742 N.W.2d 26 (2007), *overruled on other grounds, McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019).

[23] See *State v. Reed*, 226 Neb. 575, 412 N.W.2d 848 (1987). See, also, § 25-1912.

received "moneys," but that she was still reviewing the related documentation. Rita and Judy's attorney protested Beverly's assertion that she was still reviewing the documentation, but provided no evidence to the contrary. Further, Rita and Judy's affidavits did not claim that Beverly's complaint was resolved. Instead, the affidavits focused on Rita and Judy's renewed request that the court order the parties to equally contribute to the maintenance and repair of the land. Because Rita and Judy did not seek a discharge of the receiver, they cannot premise error on the court's failure to do so. A lower court cannot commit error in resolving an issue never presented and submitted to it for disposition.[24]

Two other issues merit brief discussion. First, Rita and Judy urge that the February 2021 order was flawed because it was not based "upon application of any *party* to the suit."[25] Second, they argue that the February 2021 order was void for lack of the notice required by a statute.[26] Both lack merit.

[18,19] Although the receiver—who, we assume for purposes of discussion, was not a "party"—initially filed the motion for further instructions, at the hearing both sides requested interim relief from the court consistent only with further action by the receiver. While formal joinder in the receiver's motion would have been preferable, equity looks through form to substance. Thus, a court of equity goes to the root of the matter and is not deterred by form.[27] In substance, the parties sought relief through the existing receiver. Moreover, a party cannot complain of error which the party has invited the court to commit.[28]

---

[24] See *Eletech, Inc. v. Conveyance Consulting Group*, 308 Neb. 733, 956 N.W.2d 692 (2021).

[25] § 25-1087 (emphasis supplied).

[26] See Neb. Rev. Stat. § 25-1089 (Reissue 2016).

[27] *Huffman v. Peterson*, 272 Neb. 62, 718 N.W.2d 522 (2006).

[28] See *VKGS v. Planet Bingo*, 309 Neb. 950, 962 N.W.2d 909 (2021).

Rita and Judy's reliance on lack of notice fares no better. First, the statute they cite applies to "[e]very order appointing a receiver . . . ."[29] But we have already exposed the flaw in their reasoning—the 2019 order and not the 2021 order "appointed" the receiver. But more fundamentally, they participated in the hearing. The requirements of the statute in regard to notice may be waived.[30] Having participated and requested affirmative relief, they waived objection to notice of the motion for instructions.

We find no merit to the assignments of error attacking the validity of the February 2021 order further instructing the receiver, and we find no abuse of discretion in the instructions given. Thus, we affirm the court's order.

Before concluding, we return to two basic principles cited above: Appointment of a receiver is an ancillary remedy[31] and a receivership will not be permitted to continue indefinitely.[32] Trial judges are encouraged to implement firm, consistent procedures for minimizing continuances to meet the case progression standards of the Nebraska Supreme Court.[33] Each member of the bar shall cooperate with the judiciary in meeting the case progression standards of the Nebraska Supreme Court.[34] The receivership here cannot be viewed as an end goal of the litigation.

## CONCLUSION

Rita and Judy's assignments are fundamentally flawed, because the receiver was appointed in 2019—not 2021. The

---

[29] See § 25-1089.

[30] See *Modisett v. Campbell*, 144 Neb. 222, 13 N.W.2d 126 (1944). See, also, *Farmers & Merchants Bank v. German Nat. Bank*, 59 Neb. 229, 80 N.W. 820 (1899).

[31] See *Bodge v. Skinner Packing Co., supra* note 6.

[32] 75 C.J.S. *Receivers, supra* note 10.

[33] *Putnam v. Scherbring*, 297 Neb. 868, 902 N.W.2d 140 (2017).

[34] *Id.*

district court did not abuse its discretion in its instructions to the receiver. We affirm the court's order and remand the cause for further proceedings.

Affirmed and remanded for further proceedings.